## KEATING v. KORFHAGE *et al.*, *Appellants.*

1. **Contract**: PARTY WALL: EQUITABLE EASEMENT: NOTICE. The agreement in this case, by which the owners of adjoining lots bound themselves, their heirs and vendees in relation to a party wall between their respective lots, held (following *Sharp v. Cheatham, ante*, 498), to create an equitable charge, easement and servitude upon the lot of the defendant, and the agreement being duly executed, acknowledged and recorded affects with notice any one afterward purchasing and subjects him to the equities created by the agreement.

2. ——: ——: ESTOPPEL. Where a party to a contract to build a party wall, during the time he continued to be the owner of his lot, acquiesced in the construction of the wall, such acquiescence will estop him and any one claiming under him from afterward objecting to the methods whereby and materials with which such wall was constructed.

3. ——: ——. Acquiescence by the owner in a change of materials used in the construction of the wall had the effect to alter the agreement in that particular and rendered it binding upon one who received a conveyance of the lot from him without any consideration.

4. **Married Woman, Separate Property of**: PRINCIPAL AND AGENT: ACTS OF HUSBAND. A husband acting in the matter of arbitration proceedings connected with the separate estate of his wife will be regarded as her agent, and she will be considered a *femme sole* with respect to such property.

5. **Arbitration**: EQUITY: PARTY WALL. The refusal of a husband who is acting for his wife to proceed with an arbitration provided for in a contract for building a party wall and ascertaining the cost of the same, after the proceeding had been instituted and the arbitrators had failed to agree, is sufficient to authorize equitable interposition to ascertain the cost of the wall.

6. **Married Woman**: JUDGMENT. A judgment which establishes no personal liability against a married woman, but is special and against her property burdened with an equitable charge and for the enforcement of the same, is not obnoxious to the objection that it is a judgment against a married woman.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL,
Judge.

AFFIRMED.

The agreement in this case was as follows:

"This article of agreement made and entered into
on this thirtieth day of August, 1870, by and between
William J. Smith and George J. Keating, of City of
Kansas, county of Jackson, in the state of Missouri,
parties of the first part, and August F. Korfhage, of the
City of Weston, county of Platte, and state aforesaid,
party of the second part.

"Witnesseth : Whereas, said Smith & Keating are
the owners of and seized of the title in fee of, in and to
lot number two hundred and eighty-two [282] in block
number twenty-nine [29] in the "Old Town," City of
Kansas, in the county of Jackson and state of Missouri,
and said Korfhage is the owner of and seized of the title
in fee of, in and to the south forty [40] feet of lot two
hundred and eighty-one in said block twenty-nine [29] in
the "Old Town," City of Kansas, county and state
aforesaid, and, whereas said Smith & Keating are about
to erect a brick building on the north forty feet of said
lot number 282. Now, therefore, it is mutually agreed
by and between the parties aforesaid, that said Smith &
Keating shall erect one-half of their north wall of their
said building on the ground and land of said Korfhage
on and along the south line of said south forty feet of
said lot number 281, fronting on the east side of Walnut
street in said City of Kansas and extending back the
depth that said building of said Smith & Keating may
extend. The brick wall above the surface of the earth
shall be eighteen inches thick, nine inches thereof on the
ground of said Korfhage and the other nine inches
thereof on the ground of said Smith & Keating, and be-
low the present surface of the earth the stone wall shall

be of such thickness as said Smith & Keating may deem proper to construct the same, and one-half the thickness of such stone wall shall be on the land of said Korfhage, and which north wall of said building shall be and have its center on the line dividing said lots numbers 281 and 282 in said block number 29, and said Smith & Keating agree that whenever said Korfhage, his heirs or vendees may desire to build on the south twenty [20] feet of said lot number 281, that then he or they may join to, connect with and use said north wall of said building for his or their south wall of such building to the full depth and height of said Smith & Keating's said building, with the right to insert the joists and timbers therein the usual depth only, so as not to impair said wall in any manner as a fire proof division wall between two separate buildings, and the openings in said wall not to be cut any deeper than necessary to insert joists the usual depth, and said Smith & Keating are not to insert their joists and timbers in said wall a greater depth than the usual depth of joists and timbers into an eighteen inch wall, and the openings in the wall for joists shall not be deeper than necessary for the proper insertion of joists and timbers so as not to impair said wall in any manner as a fire proof division wall between two separate buildings, and said Korfhage hereby agrees and binds himself, his heirs, executors, administrators and assigns or vendees of said south twenty feet of said lot number 281 to pay to said Smith & Keating, their he'rs, executors, administrators or vendees as soon as said Korfhage or his vendees or heirs may proceed with a building erection and connect with or use said wall or any part thereof for the one-half of so much of said wall as he or they may use or connect with from time to time, one-half the amount that the excavation and erection of the whole of such wall would or will then at such time cost in the City of Kansas at the usual prices, and if said

Smith & Keating and said Korfhage, or their heirs, executors, administrators, assigns or vendees, cannot agree upon the cost of such excavations, the materials and construction of such wall, then and in that event each of the parties hereto shall select a disinterested householder of said City of Kansas as referees and such two referees thus selected shall select a third disinterested householder of said city, which three referees shall on oath estimate the then cost of the excavation, materials and construction of such wall and award one-half thereof against said Korfhage, his heirs, executors, administrators or vendees of said south twenty feet of said lot number 281 and in favor of said Smith & Keating, their heirs, executors and administrators or vendees, and said wall shall then and thereafter while it remains standing be owned by the respective owners of said several pieces of ground so adjoining as aforesaid as a partition wall between said respective premises. And it is agreed that such award so made and rendered by such referees as hereinbefore provided shall be final and binding on both the parties hereto and their representatives, and said Korfhage, his heirs, executors, administrators, assigns or vendees of said south twenty feet of said lot number 281, shall at once pay to said Smith & Keating, their heirs, executors and administrators or assigns, the full amount of such award upon the rendition of same.

"In witness whereof the said parties have hereunto subscribed their names and affixed their seals, the day and year first aforesaid.

"WILLIAM J. SMITH,      [SEAL.]
"GEORGE J. KEATING,   [SEAL.]
"A. F. KORFHAGE.        [SEAL.]"

*Milton Campbell* for appellants.

(1)  No cause of action is stated against Caroline Korfhage by the allegations of the petition.  She is not

alleged to have executed the contract stated, nor to have been competent to do so. "With few exceptions, the uniform current of authorities from the time of *Webb v. Russell* to the present day, requires a privity of estate to give one man a right to sue another upon a covenant where there is no privity of contract between them. And consequently that, where one who makes a covenant with another in respect to land, neither parts with nor receives any title or interest in the land at the same time with and as a part of making the covenant, it is, at least, a mere personal one, which neither binds his assignee, nor enures to the benefit of the assignee of the covenantee, so as to enable the latter to maintain an action in his own name for a breach thereof." 2 Wash. on Real Prop. [1 Ed.] 15, 16 ; *Todd v. Stokes*, 10 Barr, 155 ; *Hurd v. Curtis*, 19 Pick. 459, 464 ; *Gibbon v. Drew*, 10 Barr, 219 ; *Van Rensselaer v. Bonesteel*, 24 Barb. 365 ; *Webb v. Russell*, 3 T. R. [3 Durnford & East] 393 ; *Cole v. Hughes*, 54 N. Y. 444 ; *Scott v. McMillan*, 76 N. Y. 141 ; *Sherred v. Cisco*, 4 Sandf. 480 ; *Black v. Isham*, 28 Ind. 37 ; 16 Am. Law Reg. 8 ; *Patridge v. Gilbert*, 15 N. Y. 601 ; *Hart v. Lyon*, 90 N. Y. 663. "The obligations of all contracts are ordinarily limited to those by whom they are made, and if privity of contract be dispensed with, its absence must be supplied by privity of estate." *Weld v. Nichols*, 17 Pick. 543 ; *Wiggins Ferry Co. v. Ry. Co.*, 73 Mo. 389 ; *Norman v. Wells*, 17 Wend. 136 ; *Harsha v. Reid*, 45 N. Y. 415 ; *Keppell v. Bailey*, 2 Myl. & K. 517 ; *Coffin v. Tallman*, 8 N. Y. 465 ; *Thompson v. Ross*, 8 Cow. 266. (2) The knowledge of Caroline Korfhage that A. F. Korfhage had assumed to bind his grantees, or attempted to impose on them a liability to fulfill his covenant did not bind her by affecting her conscience. *Keppell v. Bailey*, 2 Myl. & K. 517 ; 1 Smith's Leading Cases, note to Spencer's Case, 133, 157 ; *Cole v. Hughes*, 54 N. Y. 444 ; *Scott v. Mc-*

*Millan*, 76 N. Y. 141; *Hart v. Lyon*, 90 N. Y. 663. No cause of action is stated against anybody by the facts set forth. For it is expressly alleged that the half of the wall to be built was to be awarded in favor of plaintiff and against defendant by referee and that no such award was made. This is a statement that no price is affixed to said half wall according to this contract. *Wiley v. Robert*, 31 Mo. 212; *Huff v. Shepherd*, 58 Mo. 242. A court of equity will not compel parties to arbitrate nor appoint arbitrators for them. A court of equity will not substitute itself instead of arbitrators, nor undertake to enforce a contract of purchase in which the price is not fixed in the prescribed mode. *City of St. Louis v. St. Louis Gas Light Co.*, 70 Mo. 102. (3) No cause of action is stated because the wall plaintiff insists defendants must buy is not the wall Mr. Korfhage agreed to buy. *Kuhn v. Weil*, 73 Mo. 213; 1 Pars. on Con., Title Assent, and p. 399 [3 Ed.] (4) The evidence offered and given showing the opinions given to Smith & Keating as to the sort of foundation it was best to build was irrelevant and immaterial and should have been excluded. 2 Wash. on Real Prop. 2; 2 Story's Eq. Jur. [7 Ed.] 767. While this evidence about the concrete is an indisputable confession that the wall sued for is not the wall of the contract, it is an attempt to vary the contract, put new terms into it by parol, and estoppel. But Mrs. Korfhage, a married woman, cannot be estopped. *McBeth v. Trabue*, 69 Mo. 632; Tyler on Coverture, 726. (5) The court followed neither the petition nor the contract in its findings, and erred in computing the damages. (6) The judgment is erroneous in being a personal one against a married woman. *Caldwell v. Stephens*, 57 Mo. 589; *Wernecke v. Wood*, 58 Mo. 352; *Hunt v. Thompson*, 61 Mo. 148; *Corrigan v. Bell*, 73 Mo. 53. The cases cited by plaintiff will be found to

be based either upon privity of estate between original covenantors, or they are based upon an explicit agreement to become bound for part of some undertaking or work on land absolutely and without contingency, and which agreement is assumed expressly or impliedly by the grantee.

*P. S. Brown* for respondent.

(1) The legal effect of the agreement was to create cross-easements in the respective owners of the adjacent lots with which the covenants in the agreement will run so as to bind all persons succeeding to the estates to which such easements are appurtenant. *Roche v. Ullman,* 104 Ill. 1; *Keteltas v. Penfield,* 4 E. D. Smith, 122; Warvelle on Abstracts, sec. 9, p. 310; *Trustees v. Lynch,* 70 N. Y. 441. (2) A covenant runs with the land when either the liability to perform it or the right to take advantage of it passes to the assignee of the land. *Savage v. Mason,* 3 Cush. 505. (3) This was a grant—an easement. It was an incorporeal hereditament, and the covenant connected with it bound and was a charge upon the land. *Keteltas v. Penfield,* 4 E. D. Smith, 122; *Weyman's Exrs. v. Ringold,* 1 Bradf. [N. Y.] 55. (4) That this covenant runs with the land and binds Mrs. Korfhage seems to be well settled by the following "party wall" cases: *Roche v. Ullman,* 104 Ill. 1; *Richardson v. Foley,* 121 Mass. 457; *Weyman's Executors v. Ringold,* 1 Bradf. 52; *Platt v. Eggleston,* 20 Ohio St. 414; *Savage v. Mason,* 3 Cush. 500; *Standish v. Lawrence,* 111 Mass. 111; *Maine v. Cumston,* 98 Mass. 317; *Keteltas v. Penfield,* 4 E. D. Smith, 122; *Burlock v. Peck,* 2 Duer, 90; *Wickersham v. Orr,* 9 Iowa, 253; *Thonpson v. Curtis,* 28 Iowa, 229; *Brown v. Pentz,* 1 Abb. [Ct. App.] 227; *Rawson v. Bell,* 46 Ga. 19. (5) When Mr. Korfhage parted with his title his liability ceased and attached to his vendee. *Standish v. Lawrence,* 111 Mass. 111. (6) Mrs. Korfhage took the

property with all the benefits and burdens belonging to it at the time she received her conveyance. *Henry v. Koch*, 80 Ky. 395. (7) Under the agreement the liability is a lien upon the land and will be enforced in equity against the grantee. *Campbell v. Mesier*, 6 Johns. Ch. 21; *Roche v. Ullman*, 104 Ill. 1; *Trustees v. Lynch*, 70 N. Y. 450. (8) Equity has jurisdiction to enforce against grantees, with notice, mutual covenants made between owners of adjoining lands, regulating the use and enjoyment of their respective properties. *Trustees v. Lynch*, 70 N. Y. 440; *Barrow v. Richards*, 8 Paige, 351; *Norfleets v. Cromwell*, 70 N. C. 641; *Parker v. Nightingale*, 6 Allen, 345; *Whitney v. Union Railway*, 11 Gray, 359; *Hills v. Miller*, 3 Paige, 254. (9) A court of equity will take an account of the value of a party wall and grant the proper relief where defendant refuses to carry out the provisions of the agreement. *Biddle v. Ramsey*, 52 Mo. 153; *Hug's Adm'r v. Van Burkley*, 58 Mo. 202; *Masson's Appeal*, 70 Pa. St. 26; *Rindge v. Baker*, 57 N. Y. 219; *Arnot v. Alexander*, 44 Mo. 25; *Black v. Rogers*, 75 Mo. 441. (10) Where the proof shows a substantial compliance with the purpose of the agreement a recovery may be had upon it. *Rice v. Railroad Co.*, 63 Mo. 314; *Woodward v. Fuller*, 80 N. Y. 312; *Nolan v. Whitney*, 88 N. Y. 648. (11) The evidence shows that Mr. Korfhage saw the wall built, made no objection and expressed himself satisfied with it and it does not lie in his mouth or that of his grantee without consideration, ten years thereafter to assert the contrary. *Swain v. Seamans*, 9 Wall. 254; *Hexter v. Knox*, 39 N. Y. Sup. Ct. 109; *Day v. Catron*, 119 Mass. 513. (12) Mrs. Korfhage, not being a purchaser for value, is affected by all the equities that her husband would be if he were still vested with the title. (13) The judgment establishes no personal liability against Mrs. Korfhage. *Hoskinson v. Adkins*, 77 Mo. 573.

SHERWOOD, J.—I. Under the authority of the case of *Sharp v. Cheatham, ante*, 498, the agreement made between Smith & Keating, and August F. Korfhage whereby they bound themselves, their heirs and vendees in relation to a party wall between their respective lots 282 and 281, in block 29, "Old Town," Kansas City, must be regarded as binding and creating an equitable charge, easement and servitude on the lot 281 then owned by August F. Korfhage. And this agreement having been duly executed, acknowledged and put to record and Smith & Keating having built on their lot, any one purchasing afterward from August F. Korfhage would tak with notice and subject to the equities created by such agreement. And Keating having bought Smith's interest in the agreement and in lot 281, and received a deed therefor, would be the successor to whatever rights and equities Smith possessed in the premises. The claim of defendants that the agreement should be held invalid or the mere personal one of August F. Korfhage, incapable of being enforced in equity, must, on the authority of the case cited, be ruled adversely to such claim.

II. As to the character of the party wall built by Smith & Keating, as to whether it complied with the agreement, it suffices to say that there was evidence which showed to the satisfaction of the trial court that August F. Korfhage, while he continued owner of lot 281, acquiesced in the construction of the party wall, and such acquiescence estopped him and any one claiming under him from now objecting to the method or materials whereby and wherewith such wall was constructed; and this acquiescence on his part in a change in the materials used for constructing the stone foundation of the wall, had the effect to alter the agreement in that particular and to render the agreement, as thus changed, binding on the defendant, Caroline Korfhage, who, hav-

ing received a conveyance of the lot without any consideration, stood in the shoes of her husband.

III. Mrs. Korfhage, having a separate estate in the lot in question and there being sufficient evidence to satisfy the trial court that her husband acted as her agent in the matters connected with the arbitration proceedings, she must be regarded respecting her separate property as a *femme sole* and his acts as her acts.

IV. As there was evidence which satisfied the trial court that August F. Korfhage when acting as the agent of his wife refused to go on with the arbitration proceedings after they had been instituted and the arbitrators had failed to agree, this was sufficient to authorize equitable interposition to ascertain the cost of the wall. Indeed, under the ruling in *Black v. Rogers*, 75 Mo. 441, the agreement made between the original parties and the completion of the party wall was the principal thing; the computation of the cost of that wall was merely auxiliary thereto and inasmuch, owing to the completion of the party wall, as the parties could not be restored to their *statu quo*, it was competent for a court of equity by any appropriate procedure to ascertain such cost and otherwise adjust and enforce the equities of the case.

V. The judgment in this cause is not obnoxious to the objection that it is a judgment against a married woman. The judgment establishes no personal liability against Mrs. Korfhage. It is special and against the property burdened with the equitable charge, and for the enforcement thereof. *Hoskinson v. Adkins*, 77 Mo. 573.

Finding no error in the record, judgment affirmed. All concur.