IRA TOMBLIN

v.

MARY IRENE FISH.

PARTY WALL AGREEMENT.—Under the party wall agreement in this case, *held*, that the conveyance by the plaintiff of his lot prior to the appropriation or use of any portion of the party wall by defendant carried with it the entire wall, and the right to payment for the half of it when used by the defendant passed to the plaintiff's grantees. Distinguished from the case of Holden v. Gibson, 16 Bradwell, 411.

ERROR to the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed March 31, 1886.

This was an action of assumpsit, brought by Ira Tomblin against Mary Irene Fish, upon a party wall contract. The declaration alleges that on the 29th day of October, 1878, an agreement was made between said Ira Tomblin, of the first part, and Isaac R. Lyon, Betsey A. Lyon, his wife, and Ruth C. Gunn, which said contract, after reciting that said Ira Tomblin was seized or possessed of a certain lot or piece of ground in the city of Chicago, known as 530 West Madison street, and that said Isaac R. Lyon, Betsey A. Lyon and Ruth C. Gunn were seized or possessed of a certain other lot or piece of ground adjoining or contiguous to the lot above mentioned, and known as 528 West Madison street, and that it was the wish of said parties that a party wall sixteen inches in thickness for the basement, twelve inches for the first and sec-

ond stories, and eight inches for the third story, should be built so that one half of such wall should stand on each of said lots, and that it was the intention of said Tomblin, party of the first part, to erect a building on his said lot, the east wall of which was to be used as a party wall by the respective parties, proceeded as follows:

"Now, therefore, this indenture witnesseth, that it is hereby mutually agreed by the said parties, in consideration of the premises, that the said party of the first part may so build and erect a party wall, as hereinbefore mentioned in thickness, on the east side of the said lot of the party of the first part, that the center of said party wall shall be on the division line of the said lots hereinbefore mentioned, of the parties of the first and second parts respectively.

"And this indenture further witnesseth that the said party of the first part does hereby covenant, promise, grant and agree, that the said parties of the second part, their heirs and assigns, shall and may at all times hereafter have the full liberty and privilege of joining to and using the corbel courses for bearings upon said partition above mentioned, as well below and above the surface of the ground, and along the whole length or any part of the length thereof, any building which he or they or any of them may desire or have occasion to erect on the said lot of the said party of the second part, and to sink the joists of such building or buildings into the said partition wall to the depth of said corbel courses and no further; provided always, nevertheless, and on this express condition, that the said party of the second part, his heirs and assigns as aforesaid, before proceeding to join any building to said partition wall, and before making any use thereof, other than using the chimney in said wall, or breaking into the same, shall pay or secure to be paid unto the said party of the first part, his heirs and assigns aforesaid, the full moiety or one half part of the value of the said party wall, or so much thereof as shall be joined to or used as aforesaid, which value shall be the cost price at the time when such wall is to be used by the said party of the second part, and fixed, estimated and assessed by any competent architect or builder, upon whom said

Tomblin v. Fish.

first and second parties may agree, and in case of a failure to agree upon any one person, then the parties hereto shall each select one person, and those two shall select a third person, the decision of two out of these three to be final and binding.

" And it is further agreed by and between the said parties, that if either of the above parties, their, or either of their, heirs and assigns, shall at any time hereafter desire to build a barn or extend the wall hereinbefore mentioned, the party so building may build and erect such wall or extension in the same manner as above specified, and the other party shall have the same liberty and privilege of joining and using such wall or walls, so built and erected as aforesaid, on complying with the same conditions as are hereinbefore required by the said party of the second part, as to the manner of joining to the wall above mentioned, and paying for the same.

"And the said parties further agree and covenant, that if it shall hereafter become necessary to repair or rebuild the whole or any portion of the said wall or walls, the expense of such repairing or rebuilding shall be borne equally by them, their representatives, heirs and assigns, as to so much and such portion of said walls as the said parties, their heirs and assigns, shall or may use jointly.

" It is further mutually agreed between the said parties that this agreement shall be perpetual and at all times be construed as a covenant running with the land."

The declaration further alleges that, immediately after the making of said agreement and prior to January 24, 1883, the plaintiff erected a building upon his said lot, and in so doing, erected one wall of said building as a party wall upon the boundary line between said lots, in accordance with the terms of said agreement; that the interest of Ruth C. Gunn in said lot known as 528 West Madison street, which was a dower interest, afterward became terminated by her death; that on the 24th day of January, 1883, by an agreement in writing then entered into by Isaac R. Lyon and wife of the one part, and the defendant of the other part, the defendant agreed to purchase of said Lyon and wife the lot last mentioned, for the sum of $7,500, and to erect thereon a building of a specified

Tomblin v. Fish.

description, making use of said party wall, the said Lyon and wife on their part agreeing to convey said lot to the defendant on the completion of said building, and to take back from her a mortgage for the purchase money, together with the further sum of $2,500 to be loaned to her by said Lyon; that in pursuance of said agreement said Lyon and wife, on the 1st day of May, 1883, conveyed said lot to the defendant; that since the 24th day of January, 1883, the defendant has been in possession of the last mentioned lot, and has used the whole of said party wall for the purpose of supporting said building erected by her on said lot; that one half the value of said party wall at the time it was used by the defendant was $715; that the plaintiff has always been ready and willing and has offered and requested the defendant to have the value of said party wall estimated and assessed in the manner provided for in said party wall agreement, but the defendant refused and still refuses so to do, and denies that the plaintiff is entitled to any compensation whatever therefor.

The defendants pleaded non-assumpsit, and also a special plea alleging, in substance, that after the erection by the plaintiff of his said building and said party wall on the line between said lots, to wit, on the 2nd day of October, 1879, the plaintiff conveyed said lot known as 530 West Madison street to Henry Beidler and Jacob Beidler, and that in March, 1883, and before the commencement of this suit, the defendant was compelled to pay and did pay said Henry Beidler and Jacob Beidler the sum of $713.50 for the right and privilege of joining to and using said party wall, in pursuance and by virtue of said party wall agreement.

To said special plea the plaintiff interposed a demurrer, which being overruled, the plaintiff elected to abide by his demurrer, and judgment was thereupon rendered against him for costs.

Messrs. STILES & LEWIS, for plaintiff in error; cited Gibson v. Holden, 16 Bradwell, 411.

Mr. GEORGE P. WHITCOMB, for defendant in error; cited

Tomblin v. Fish.

Roche v. Ullman, 104 Ill. 11 ; Gibson v. Holden, 16 Bradwell, 411 ; Scott v. McMillan, 76 N. Y. 141 ; Cole v. Hughes, 54 N. Y. 444.

BAILEY, P. J.  This case, in our opinion, is clearly distinguishable from that of Gibson v. Holden, relied upon by counsel for the plaintiff in error.   See 18 Chicago Legal News, 95 ; Also Holden v. Gibson, 16 Bradwell, 411.   In that case the contract, as interpreted by the Supreme Court, constituted the owners of the adjoining lots joint proprietors of the party wall from the moment it was built.   That interpretation resulted from various provisions which do not appear in the contract before us.   It was there agreed that the wall which Holden proposed to build should continue to be a party wall forever, which the court held to manifestly mean, from the time of its erection.   It was further provided that said owners should share jointly in the expense of keeping, maintaining, repairing and rebuilding the wall, whether Armstrong, the other owner, made use of it or not.   The amount to be paid by Armstrong was, not one half of the value of the wall at the time he chose to appropriate it, but one half of the cost of its erection.   In the light of these provisions, the contract was held to be one in which Holden undertook to advance the money and build a party wall for the joint benefit of himself and Armstrong, and of which Armstrong was to become at once invested, jointly with Holden, with the title and ownership, one half of the cost to be repaid to Holden whenever Armstrong or his grantee should make use of the wall, Holden in the meantime to have sole possession of the wall as security for such payment.

None of the foregoing provisions which so clearly distinguish the case of Gibson v. Holden from many of the cases involving party wall contracts, seem to be present in the contract now before us.   This contract contains no language which constituted the owners of the adjoining lots joint proprietors of the party wall at the time of its erection.   After reciting that it was the wish of both parties that a party wall of certain dimensions should be erected so as to stand one half on each lot,

and that it was the intention of the plaintiff to erect a building on his lot, the east wall of which was to be used by said parties as a party wall, the contract gives permission and license to the plaintiff to place the center of the east wall of his building on the division line between said lots ; and it is then covenanted that the other party to the contract, his heirs and assigns, might use such wall, upon the express condition, however, that before doing so, he or they should pay or secure to the plaintiff, his heirs or assigns, one half of the value of the wall or of so much of it as should be thus used. The amount to be paid for one half of the wall was to be determined, not from its cost, but from its value at the time of its appropriation by the adjoining owner. The liability of such owner to contribute to the expense of repairing or rebuilding the wall was limited to so much or such portions of it as should be used by him, and consequently his liability to make such contribution could not arise until after the appropriation of the wall, or some portion of it by him.

The distinctions here pointed out are fully recognized in Gibson v. Holden, in the following language: "Cases, therefore, where parties are, by the deed under which they take title, given one half of a wall as a party wall, when and upon condition of making payment, and cases in which the owner of one lot has licensed the owner of the adjoining lot to build a wall for himself, resting one half of it on each lot, and reserving the privilege of thereafter purchasing one half of the wall as a party wall, are not analogous. In all such cases the title to the whole wall may be regarded as appurtenant to the lot of the builder, and so passing by every conveyance of it, until the severance of the half by the payment of the purchase money. The sale of the half of the wall does not occur, nor the title to it pass in those cases, until the payment is made, and so, necessarily, it is constructively a sale by the assignee of so much of the wall. His right to the purchase money is not because he is the assignee of a covenant running with the land, but because he is the vendor of so much of the wall."

The present case comes clearly within the rule thus laid

down. The plea, the truth of which is admitted by the demurrer, alleges a conveyance by the plaintiff, of his lot, prior to the appropriation or use of any portion of the party wall by the defendant. Such conveyance carried with it the entire wall, and the right to payment for the half of it when used by the defendant passed to the plaintiff's grantees. It follows that the plea presented a good defense, and that the demurrer was properly overruled.

Judgment affirmed.