## RUGG *v.* LEMLEY.

Opinion delivered February 24, 1906.

1. EQUITY JURISDICTION—CHARGE ON LAND.—Under an agreement of an adjacent proprietor to pay part of the cost of a party wall when he commenced to use it, a charge is created in the nature of an equit-able lien upon the lot upon which the wall is erected, which is en-forcible in equity.  (Page 69.)

2. SAME—EFFECT OF PRAYER.—Where a complaint in equity stated an equitable cause of action, jurisdiction was thereby conferred on that court, although the prayer asked only for such relief as could have been granted at law.  (Page 69.)

5

3.  Covenant running with land—Party wall.—An agreement of an
adjacent landowner to pay for the use of a party wall is a covenant
which runs with the land, and the right to recover the agreed sum
passes to the grantee of the original builder under his deed to the
land. (Page 69.)

Appeal from Garland Chancery Court; *Leland Leatherman,*
Chancellor; affirmed.

STATEMENT BY THE COURT.

The plaintiffs, B. L. Lemley and M. F. Work, are the
owners of lot 27 in block 89 in the city of Hot Springs, on
which is situated a two-story brick building, the center of the
south wall of the building being on the line between lots 47 and
48. Lot 48 is owned by D. C. Rugg, who leased the same to
defendant Ed Spear. This suit was brought in chancery by the
plaintiffs, Lemley and Work, against defendants Spear and Led-
widge (a building contractor) to enjoin them from using the
south wall of plaintiff's building as a party wall in the construc-
tion of a new building on lot 48. It is alleged in the complaint
that the wall is wholly upon lot 47, and is the property of plain-
tiffs, and that the defendants are proceeding, without right, to
cut into the wall for the purpose of joining the new building to it.
A temporary restraining order was issued as prayed for, but the
same was subsequently dissolved when it was shown that the wall
was a party wall on the line between lots 47 and 48.

On motion of defendant Spear, his lessor, D. C. Rugg, the
owner of lot 48, was made a defendant in the cause.

After the dissolution of the temporary restraining order, the
plaintiffs filed an amendment to their complaint, praying that
if the court should determine that the wall described in the com-
plaint is a party wall and equally on lots 47 and 48, the plaintiffs
recover of defendant Rugg one-half of the original cost of the
wall.

After the dissolution of the injunction, Alma B. Womack,
the widow of J. P. Warren, deceased, filed her intervention
in the cause, in which she alleges that said Warren in his life-
time was the owner of lot 47; that while such owner, by agree-
ment between himself and D. C. Rugg, he erected upon the divis-
ion line between lots 47 and 48 a brick wall (the wall in ques-
tion); that at the time of the erection of said wall the portion

of said lot 48 on which said wall was built was placed in the possession of said J. P. Warren, with the agreement and understanding by the owner of said lot 48 that whenever the wall was used by the owner of said lot 48, Warren should be paid one-half the price or value thereof; that said agreement was oral; that said wall then became the personal property of said Warren; that Warren subsequently died, leaving the intervener, his widow, and also leaving a will, by and in which he bequeathed to the intervener all his personal property; that by virtue of said will the said wall, and the agreement with reference thereto, became the personal property of the intervener; that the wall is of the value of $550; that recently D. C. Rugg, who is now the owner of said lot 48, by an agreement with the defendant Spear, as his tenant has made use of the wall, by attaching thereto the sleepers and joists of the house that Spear is erecting on said lot 48, by virtue of all of which she alleges that D. C. Rugg is indebted to her in the sum of the value of said wall.

Defendant Rugg filed demurrers to the intervention of Mrs. Womack and the complaint of the plaintiffs, which were both overruled by the court, and he then filed his answer, in which he denied specifically all the material allegations contained in said interplea.

Rugg also filed his motion to transfer to the law court, which was overruled. Upon final hearing, the chancellor rendered a decree in favor of the plaintiffs, Lemley and Work, against defendant Rugg for the recovery of the sum of $475, with interest, one-half of the cost of the wall, and "that, upon the payment of the judgment aforesaid by D. C. Rugg, * * * his heirs and assigns, shall hold, have and enjoy the easement of the party wall situate on part of said lot 47 owned by the plaintiffs herein for the life of said wall; also to include that part of said wall on said lot 47, but in common with plaintiffs, their heirs and assigns, as to that strip of land actually covered by said party wall as well as the wall itself appurtenant to both lots."

The intervention of Mrs. Womack was dismissed for want of equity. Rugg and Mrs. Womack appealed to this court.

*M. S. Cobb,* for appellant Rugg.

1. The demurrer to the amended complaint should have been sustained, or, when overruled, the cause should have been

transferred to the law court.  1 Ark. 31; 23 Ark. 746; 31 Ark. 411; 32 Ark. 562; 74 Ark. 81; 73 Ark. 462; 30 Ark. 89.

2.  A promise by an adjoining lot owner to the builder of a party wall to compensate him for the use thereof is personal to the promisee, and not a covenant running with the land.  66 L. R. A. 673 and notes.

*Wood & Henderson* for appellant Womack.

The allegations show that Spear was destroying plaintiff's property, and was doing and threatening to do continuing acts of trespass.  In such cases equity will grant relief.  32 Ark. 478, 489; 11 Ark. 304; 33 Ark. 633; 43 Ark. 119; 51 Ark. 264; 26 Fed. 218.  Equity will also take jurisdiction to prevent a multiplicity of suits.  33 Ark. 633.  Having jurisdiction for one purpose, it will retain it to settle all questions arising in the case. 30 Ark. 278; 34 Ark. 410; 37 Ark. 164; 37 Ark. 286; 46 Ark. 96; 48 Ark. 312; 48 Ark. 544.

*Greaves & Martin,* for appellees.

Covenants and agreements as to party walls run with the land.  38 Hun, 510; 6 Ohio Dec. 795.  An agreement whereby the lot owner is to be paid for use of a party wall by the adjoining lot owner runs with the land so as to bind a grantee of the adjoining owner.  121 Mass. 457; 19 Mo. App. 607; 46 Ga. 19; Washburn, Easements & Serv. (4 Ed.), 606, 607, 612; 20 Ohio St., 414.  The word "appurtenances" in the deed, means the easement of the wall, and would pass by the deed.  39 Ark. 135.

McCulloch, J., (after stating the facts.)  The facts of this case are practically undisputed.

There are two questions of law presented:  (1)  Whether the court had jurisdiction to hear and determine the cause of action against appellant Rugg for the recovery of half the cost of the wall; and (2) which of the two claimants should recover the same, Mrs. Womack, the widow and legatee of J. P. Warren, the original owner of lot 47 and builder of the wall, or Lemley and Work, the grantees of Warren under deed conveying lot 47 "with all appurtenances thereunto belonging."

The proof failed to sustain the cause of action stated in the original complaint, and the court denied the relief prayed.  The

amendment to the complaint, filed after the dissolution of the injunction, stated a different cause of action and one inconsistent with the facts stated in the original complaint, but one which was cognizable in equity. The agreement of Rugg to pay part of the cost of the wall, when he commenced use of the wall, became a charge in the nature of an equitable lien upon the lot on which the wall was erected, and was enforcible in equity. Washburn on Easements & Servitudes, p. 612; *Richardson* v. *Tobey,* 121 Mass. 457; *Nelson* v. *McEwen,* 35 Ill. App. 100; *Roche* v. *Ullman,* 104 Ill. 11; *Keating* v. *Korfhage,* 88 Mo. 524; *Burr* v. *Lamaster,* 30 Neb. 688; *First Nat. Bank* v. *Security Bank,* 61 Minn. 25.

The fact that only a personal judgment against Rugg was prayed for and granted did not prevent the court from assuming jurisdiction. The statement of facts in the complaint, and not the prayer for relief, constituted the cause of action which conferred jurisdiction upon the court. *Sannoner* v. *Jacobson,* 47 Ark. 31; *Waterman* v. *Irby,* 76 Ark. 551.

The more serious question in the case is whether the agreement concerning the payment for use of the party wall is a covenant which runs with the land and the right to recover the agreed sum passes to the grantee of the original builder, under his deed to the lot, or whether it is the personal asset of the covenantee which passes to his assignee or personal representative.

Upon this question the authorities are inharmonious, but we incline to the view that the chancellor was correct in adopting the line of authorities which hold that such an agreement is a covenant which runs with the land and passes to the grantee of the original builder's lot. *Richardson* v. *Tobey,* 121 Mass. 457; *Maine* v. *Cumston,* 98 Mass. 317; *Tomblin* v. *Fish,* 18 Ill. App. 439; *McChesney* v. *Davis,* 86 Ill. App. 380; *Platt* v. *Eggleston,* 20 Ohio St. 414; *Adams* v. *Noble,* 120 Mich. 545; *Kimm* v. *Griffin,* 67 Minn. 25.

Under the contract, when the wall was built, the builder became the sole owner thereof, with an easement over the strip of the adjoining lot built upon, subject to the right of the owner of the adjoining lot to use the wall upon payment of half the cost thereof. The whole wall, together with the easement over the adjoining lot, passed under the deed executed by the builder as

an appurtenance to his lot. *McChesney* v. *Davis, supra; Kimm* v. *Griffin, supra.*

The owner of the adjoining lot, by paying half of the cost of the wall in accordance with the terms of the contract, not only obtained title to that part of the wall which was built upon his lot, but he also acquired an easement over the other lot for support of the wall. These consummated rights he obtained, not from the builder, the original owner of the lot, but through and from the person who was the owner of the lot at the time he used the wall and paid the agreed price. Though the rights of the parties were fixed by the original contract, yet the enjoyment of them was consummated only when the agreed price should be paid. Therefore, in contemplation of law, these rights were obtained through and from the present owner of the lot and wall, and he alone is entitled to the compensation.

As is well stated by the Supreme Court of Illinois in the case of *Gibson* v. *Holden,* 115 Ill. 199: "In all such cases (that is, where the title to the wall is in the builder) the title to the whole wall may be regarded as appurtenant to the lot of the builder, and so passing, by every conveyance of it, until a severance of the half by the payment of the purchase money. The sale of the half of the wall does not occur, nor the title to it pass, in those cases until the payment is made; and so necessarily it is, constructively, a sale by the assignee of so much of the wall."

The contrary view is taken by the Nebraska court, and the question is discussed with much learning and ability by that court in the recent case of *Cook* v. *Paul,* 66 L. R. A. 673, where all the authorities supporting that view are cited, but we are unable to agree with the conclusion there reached.

The decree of the chancellor is therefore affirmed.