## CATHARINE McGLYNN *vs.* EDWARD MAYNZ.

An agreement to convey land " in fee simple, by good and sufficient deed of conveyance with full covenants of seisin, warranty and freedom from incumbrances," is not satisfied by a conveyance of the land, sufficient otherwise, but subject to conditions prescribing the size, height, materials and position of any building to be erected or maintained on the land, and limiting the occupation of such building, for a term of years, to the purposes of a dwelling-house and certain mercantile purposes.

CONTRACT for breach of an agreement signed by the parties 'anuary 25, 1869, for the sale by the plaintiff, and purchase by

the defendant, of a parcel of real estate abutting on Concord Street in Boston.

The case was submitted to the judgment of the court on agreed facts, by which it appeared that a deed of the premises, tendered by the plaintiff to the defendant, the refusal of the defendant to accept which was the alleged breach of the agreement, was made subject to conditions expressed therein as follows :

" The front line of the building which may be erected on the lot shall be placed on a line parallel with and six feet back from Concord Street. The building which may be erected on the lot shall be of a width equal to the width of the front of the lot. No dwelling-house or other building, except the necessary out-buildings, shall be erected or placed on the rear of the lot. No building which may be erected on the lot shall be less than three stories in height, exclusive of the basement and attic, nor have an L of more than two stories in height, nor shall said building or said L have exterior walls of any other material than brick, stone or iron, nor be used or occupied for any other purpose, or in any other way, than as a dwelling-house, dry goods', grocery, provision or apothecary store, for the term of twenty years from May 1, 1860. The building now standing upon the premises has been erected in conformity with the foregoing conditions."

The other material facts are stated in the opinion.

*J. P. Treadwell,* for the plaintiff, cited *Estabrook* v. *Smith,* 6 Gray, 572.

*J. D. Long,* for the defendant, cited *Mead* v. *Fox,* 6 Cush. 199 ; *Stone* v. *Fowle* 22 Pick. 166 ; *Dykes* v. *Blake,* 4 Bing. N. C. 463 ; *Flight* v. *Booth,* 1 Bing. N. C. 370 ; *Hughes* v. *Parker,* 8 M. & W. 244.

CHAPMAN, C. J. By the terms of the agreement referred to, the plaintiff agreed to sell to the defendant the land described, and to convey the same " in fee simple, by good and sufficient deed of conveyance with full covenants of seisin, warranty and freedom from incumbrances," &c., " on the following conditions, viz : ten thousand dollars to be paid on delivery of deed, and the balance according to the conditions of a mortgage for five thousand dollars now on said estate."

Within the time stipulated the plaintiff tendered to the defendant a deed properly executed, and complied with the terms of his agreement in other respects. But the deed was by its terms made subject to two mortgages; one, to Isaac Kendall for four thousand dollars with interest, to run ten years from November 27, 1860, and assigned to Mary Elizabeth Kendall, a minor; the other to Kendall for one thousand dollars with interest, to run ten years from September 1, 1861. The deed was also made subject to certain restrictions, which are referred to, prescribing the size, height, materials and position of buildings that might be erected upon the land, and the manner in which the buildings might be occupied.

There is much force in the defendant's objection that there were two mortgages instead of one, which were to mature at different times, subjecting the defendant to deal with two creditors instead of one, to double payments of interest, double costs of discharge, and double liability to proceedings for foreclosure. But it is not necessary to discuss these objections; for the restrictions upon the title are very material, and by the terms of the agreement the defendant was entitled to a deed without such restrictions. *Judgment for the defendant.*