James Standish *vs.* Abbott Lawrence & others, executors.

By an indenture, A. and B., being the owners of several lots of land, of the first part, and C., of the second part, covenanted for themselves, their heirs, executors and administrators, the former to sell, and the latter to buy one of the lots, and both parties agreed that C. should build a party-wall between such lot and the adjoining lot; that when the adjoining lot was built upon and the wall used, the owner of said adjoining lot should pay half the cost of the wall; and that the deed of said lot should be made conformable to this agreement. A. and B. conveyed to C. in accordance with this indenture, and C. built the wall. A. afterwards conveyed his undivided moiety of the lots to D., by a recorded deed not mentioning any party-wall, and D. made a declaration of trust, not recorded, that he held such moiety only to make sales with B. for A.'s benefit in his absence, and that he had no other interest in the land. D. and B. then conveyed said lot adjoining C.'s lot to E. by a deed with a provision that E. should pay the owners of the party-wall one half of its cost when he used it. E. used the wall, but did not pay for it. *Held*, that C. had no cause of action against A. on the indenture.

CONTRACT against Abbott Lawrence, Charles H. Parker and Aaron D. Hubbard, executors of the will of T. Bigelow Lawrence. Writ dated December 19, 1870. The case was submitted to the judgment of the Superior Court on an agreed statement of facts substantially as follows:

The testator and William W. Goddard, being owners of a tract of land on Beacon Street in Boston, entered into an indenture with the plaintiff, dated April 23, 1860, wherein they covenanted, " for themselves, their heirs, executors and administrators," to convey to him a lot of land, part of the tract, by a warranty deed, upon payment by him of a certain sum ; and he covenanted, for himself, his heirs, executors and administrators, to pay said sum within a year, and within sixty days to begin to build a dwelling-house on the lot. The indenture contained the following clause : " And it is further understood and agreed between the said parties, that each of the side-walls of the house on this lot is to be placed as a partition wall, one half on this and one half on the next adjoining lot, and that when the adjoining lot is built upon and the wall used, the owner of said adjoining lot is to pay one half of the cost of such part of the wall as is used by him, and that the deed of said lot is to be made conformably to this agreement."

The plaintiff, in the course of 1860, built a party-wall in accordance with the agreement; one half on said lot, and one half on the land of the testator and Goddard, adjoining said lot on the east; and in 1861 the testator and Goddard conveyed the said lot to the plaintiff, in conformity with the agreement.

By quitclaim deed, dated July 29, 1862, the testator conveyed his undivided moiety of so much of said tract as remained unsold, including said land adjoining the lot conveyed to the plaintiff, to Abbott Lawrence. This deed contained no reference to any party-wall. By a written declaration of trust, executed simultaneously with the deed, Abbott Lawrence declared that the deed was made to him " in order that he might, during the contemplated absence of said T. Bigelow Lawrence, for his benefit, in conjunction with said William W. Goddard, make sale " of the land, in whole or in part, as opportunity might occur ; and that

he had no other right, title or interest in the premises. The deed was recorded, but the declaration of trust was not.

In 1864 Abbott Lawrence and Goddard conveyed to John Wooldridge said land adjoining the plaintiff's lot, by a deed containing this clause : " This conveyance is made upon the agreement that the grantee and his heirs and assigns shall pay on demand to the owners thereof, one half the cost of the brick partition wall now standing upon the west side of the granted land and that about to be built on the east side of the granted premises, or such part or parts of both side walls as he or they may use, when and as he or they shall use the same, including therein one half the cost of the stone and pile foundation."

In 1866 Wooldridge conveyed the land thus conveyed to him to Albert H. Kelsey, by a deed setting forth that the conveyance was subject to the stipulations and agreements in the deed to Wooldridge; and Kelsey built a house thereon, using the party-wall which the plaintiff had built. The plaintiff demanded payment for the wall from Wooldridge and from Kelsey, but they did not pay him, and he afterwards demanded payment from the defendants, who were appointed executors of the testator's will upon his death in 1869.

The Superior Court gave judgment for the plaintiff, and the defendants appealed.

*T. S. Dame*, for the plaintiff.

*J. J. Storrow*, for the defendants.

WELLS, J. As against Goddard and Lawrence, and their grantees with notice, their indenture with and deed to the plaintiff gave him the right to build a party-wall upon the boundary line of his land, and to own the entire wall, with right of support, until the adjoining owner should build, and use it. Thereupon such adjoining proprietor would be bound to pay one half the cost of the wall, and be entitled to become owner of the same in common with himself. *Maine* v. *Cumston*, 98 Mass. 317.

The subsequent purchaser of the adjoining land, by whom the wall was used for the purposes of building thereon, took his title with full notice of these rights of the plaintiff. By the terms of his deed, the obligation was imposed upon him to " pay on de-

mand to the owners thereof, one half the cost of the brick partition wall now standing upon the west side of the granted land." With such notice of the plaintiff's rights, he could not avail himself of the use of the wall without compliance with the terms under which it had been built. If he should so use it, the law would imply an assumpsit for one half the cost.

There is no stipulation for the payment of this sum by the party to the indenture. The clause relied on defines what are to be the rights of parties who may be or become owners of the adjoining lots ; and the liability for the payment arises out of the exercise of those rights. The only covenant of the testator upon which the defendants could be held is that " the deed of said lot is to be made conformably to this agreement." As understood by both parties, this covenant applies to the conveyance of the lot adjoining that of the plaintiff.

There has been a substantial, if not a literal, compliance with this stipulation. The deed by which the adjoining lot passed from the actual control of the plaintiff's grantors, and under which alone its present owner has any title, was " made conformably to this agreement." All rights to which the plaintiff was entitled under his agreement have thus been fully secured to him, and he has no cause of action against these defendants.

*Judgment for the defendants.*