JOHN D. W. JOY *vs.* BOSTON PENNY SAVINGS BANK.

Suffolk.    March 14. — April 4, 1874.    COLT & ENDICOTT, JJ., absent,

If A. by virtue of a contract, not under seal, with B. builds a division wall, one half
on the land of each, and B. agrees to pay one half the expense, A. acquires no in-
terest in the land of B., and none passes to the grantee of A., which he can enforce
against B. by a suit at law.

CONTRACT to recover one half the cost of a division wall used
by the defendant.

. In the Superior Court the following facts were agreed :

" The plaintiff is the owner of the estate on Washington Street,
in Boston, described in the deed of Amos A. Lawrence to him,
dated April 11, 1866, and recorded with Suffolk deeds, lib. 875,
folio 187.    Lawrence derived his title to said estate from Gideon
Currier, by deed, dated August 13, 1864, and recorded with Suf-
folk deeds, lib. 847, folio 63.    The defendant corporation is the
owner of the adjoining estate, which is described in the deed of
Job A. Turner and others to it, dated July 8, 1867, and recorded
with Suffolk deeds, lib. 904, folio 172.    Turner and others ac-
quired their title to the estate under the deed from Hiram John-
son, dated November 21, 1866, and recorded with Suffolk deeds,
lib. 889, folio 241.

" It is also agreed, if the evidence is admissible and competent
against any objections and exceptions which the defendant could
take thereto, that before Currier had acquired by deed his title to
the land now owned by the plaintiff, but after he had bargained
therefor and taken a bond for the conveyance thereof to him
upon the performance by him of the conditions of the bond, John-
son signed and delivered to Currier, a paper writing, dated No-
vember 7, 1857, whereby Johnson, in consideration of one dollar
paid by Currier, covenanted and agreed to and with Currier, his
heirs and assigns, ' that the said Currier may erect or cause to be
erected one half the stone and brick wall which he is about to
build on the dividing line between the estate belonging to said
Hiram Johnson, . . . . and estate of said Currier, . . . . and that
I, the said Hiram Johnson, will my heirs and assigns pay or cause
to be paid to said Currier, his heirs or assigns, one half the cost
of erecting said wall, whenever, and as soon as I, my heirs, or

assigns, shall use the same.' This instrument was not under seal, and it was not acknowledged, but it was recorded with Suffolk deeds, lib. 880, folio 58, on June 9, 1866. The deeds under which the plaintiff derived his title made no mention of the division wall. The deeds under which the defendant derived its title, described the estate as bounded by a line running through the middle of the brick partition wall, ' which wall was built by said Currier, one half on the granted land, and one half on his land according to an agreement recorded with Suffolk deeds, lib. 880, folio 58.' Currier erected a building on the land now owned by the plaintiff, placing one wall thereof, one half on this land and one half on the land now owned by the defendant, before he conveyed his estate to Lawrence as aforesaid. The defendant, after its purchase of its estate as aforesaid, erected a building thereon, and made use of the wall built by Currier partly on each of the two estates as aforesaid."

On the foregoing facts the Superior Court rendered judgment for the defendant, and the plaintiff appealed to this court.

*J. P. Healy,* for the plaintiff. 1. The plaintiff succeeded to all the rights of Currier under the contract with Johnson, and is entitled to recover one half of the value of the wall in question, if Currier could have recovered had no sale been made by him of the premises. *Maine* v. *Cumston,* 98 Mass. 317. There was no need of an assignment to him of these rights. The law is well settled that a deed carries all rights to the half of a wall on adjoining premises when the line runs through the centre. Joy acquired all rights in the wall by virtue of his deed, and the defendant by taking his deed assumed the obligations resting upon Johnson.

2. Did the defendant corporation assume the obligation of Johnson under that contract; that is, to pay for one half of the wall, when it should be used in the construction of a building on the corporation's land? To establish the affirmative of this proposition, it is not necessary that the aforesaid contract, signed by Johnson and recorded in the Registry of Deeds, should be construed to be a covenant running with the land, of which all purchasers under Johnson must take notice. It is sufficient, it is submitted, if the corporation has assumed by contract the obligation of Johnson. It is also submitted that the language in the

deed from Johnson to Turner and others, and in the deed from Turner and others to the defendant corporation — the language being the same in both deeds — is an assumption, first by Turner and others, and afterwards by the corporation, of Johnson's obligation. The reference to the record of the agreement must have the same effect as an insertion of the agreement in the deed. If the parties to these two conveyances did not intend, by this language, that Johnson's obligation should be assumed by the grantees, they could have no purpose in its use.

A. C. Clark, for the defendant.

WELLS, J. By his contract with Johnson, and subsequent erection of a wall upon the division line, Currier acquired no interest in the adjoining land, and retained no title in that part of the wall which extended beyond his own line. He could not hold it as realty, because he had nothing but a simple contract, which could have no greater force in law than as a license; nor as personalty, because, by the terms of the agreement under which he built the wall, it was not removable, but intended to become permanent and annexed to each lot as real property. The plaintiff, therefore, by acquiring Currier's interest in the land, acquired no interest in that part of the division wall which rested upon the adjoining lot. Even if the defendant, by reason of the clause in the deeds by which its title was derived referring to the contract, and by the use of the wall, might be held chargeable for the cost of the half so used, there is no privity of contract or estate which will enable the plaintiff to recover it in an action at law. The contract was merely a personal one with Currier. The right to enforce it would not pass with the land as an appurtenance, and there is nothing in Currier's deed to show an intent that it should pass; nor is such a contract assignable at law.

The case differs essentially from Maine v. Cumston, 98 Mass. 317, and Standish v. Lawrence, 111 Mass. 111. The plaintiff shows no right to recover, and the judgment for the defendant is

Affirmed.