RICHARD BROWN, Appellant, *v.* JOHN McKEE, Respondent.

Where, under a parol agreement between adjoining proprietors, one builds a party-wall, one-half upon the premises of each, the other agreeing to pay one-half the value when he shall use the wall, upon the erection of the wall the agreement becomes valid in equity. The builder owns the wall absolutely until the other elects to use the same, with a permanent right in him and his grantees to have one-half the wall stand on the land of the other, not only while the latter retains the title, but after it has passed to an assignee with notice of the rights of the owner of the wall. (DWIGHT, C.)

If the owner of the land burdened with this easement elect to use the wall and pay half its value, he thereby becomes owner, not only of the one-half standing upon his own land, but has an easement in the other half. (DWIGHT, C.)

The criterion for determining whether a covenant runs with the land is the intention of the parties, provided the covenant be of such a nature that it can, under any circumstances, bind the land in respect to grantees. (DWIGHT, C.)

The covenants in the agreement above stated are of a nature that they can run with the land, and where such an intent is manifested in and by the agreement, they bind not only the original parties but the subsequent owners of the respective premises. (DWIGHT, C.)

As affecting assignees, there is no distinction between the benefit and the burden of a covenant, both will alike pass as incident to an estate in lands, and both will run with an incorporeal as well as with a corporeal hereditament. (DWIGHT, C.)

*Weld* v. *Nichols* (17 Pick., 538)and *Block* v. *Isham* (16 Am. Law Reg. 8) considered as overruled by *Savage* v. *Mason* (3 Cush., 500). (DWIGHT, C.)

Whether a covenant to pay for the wall when used runs with the land or not, in the view of a court of law, a grantee of the covenantor having notice is bound in equity, and the benefit of the covenant inures to the grantee of the builder, to whom the property in the wall passes as an incident to his grant, and the former cannot avail himself of this agreement without being equitably bound to pay him who is the owner of the wall at the time he appropriates it. (DWIGHT, C.)

*Cole* v. *Hughes* (54 N. Y., 444) distinguished.

(Argued May 9, 1874; decided September term, 1874.)

THIS was an action to compel defendant to pay one-half the value of a party-wall, and to restrain the use thereof by him until such payment was made.

In 1854, David McMaster and William A. Cummings were the owners of adjoining premises in the city of New York. They entered into an oral agreement; this was

embodied in a draft, by which the former was to erect a party-wall upon the line of their lots, one-half on each. If the latter, his heirs or assigns, at any time thereafter used the wall, he or they were to pay the value of one half of such part of the wall as should be used, to be determined by appraisers, according to its value when used. Under this agreement, McMaster built the wall. He subsequently conveyed to plaintiff his lot, with appurtenances, etc. Cummings conveyed to one McElvaine, who conveyed to defendant. The parties had notice of the agreement before the conveyances to them. Defendant commenced to build on his lot, cut holes in the wall, and inserted timbers therein. He refused to pay anything for the wall. *Held* (DWIGHT, C., dissenting), that under the contract Cummings was not to pay until he used the wall, and for only so much as he used; that it could not be said to be used until he had erected the adjoining building and thus completely appropriated so much of the wall as he intended to use; that this use was to precede an appraisal, and that, therefore, whatever might be the rights and obligations of the parties under the agreement, the action was prematurely brought.

DWIGHT, C., in his dissenting opinion, exhaustively and elaborately discusses the question of covenants running with land, and as to the equitable rights and obligations of grantees, laying down the propositions above stated, and collating the authorites. As the case was decided upon the construction given to the parol agreement, these questions were not passed upon by the court.

*Charles H. Woodbury* for the appellant.

*Osborn E. Bright* for the respondent.

EARL, C., reads for affirmance; LOTT, Ch. C., and REYNOLDS, C., concur.

DWIGHT, C., reads for reversal. GRAY, C., not voting.

Judgment affirmed.