CAROLINE M. RICHARDSON *vs.* JAMES TOBEY.

Suffolk. March 17, 1876. — Jan. 5, 1877. AMES & MORTON, JJ., absent.

A. being the owner of three adjoining lots of land, conveyed one of them to B. by a deed, duly acknowledged and recorded, containing the following clause : " It is understood and agreed that the partition wall of any building hereafter erected upon the granted premises, or the adjacent lot on either side, may be placed one half on the granted premises and one half on the adjacent lot, and the owner of the lot adjacent to such building so erected shall, whenever he uses such wall, pay one half the cost of the same, or so much thereof as he may use." B. erected a partition wall, one half upon the granted premises, and one half upon one of the adjoining lots. A. then conveyed this adjoining lot to C., with covenants of warranty against all incumbrances ; and C. in like terms conveyed to D., who built a house thereon, and made use of so much of the partition wall, as stood upon the land conveyed to him, for that purpose. *Held*, that D. was liable to B. for such use, either according to the covenant in the deed of A. to B., or according to the value of the wall.

CONTRACT to recover one half the cost of a party wall. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, on an agreed statement of facts as follows :

" On May 13, 1869, Henry Lee and others, being the owners of three adjoining lots of land on Boylston Street, and numbered 11, 12, and 13, on Berkeley Square, in Boston, sold lots 11 and

12 to the plaintiff, by deed duly acknowledged and recorded at the time with Suffolk county deeds. Inserted in the deed, after the usual covenants, was the following clause : ' It is understood and agreed that the partition wall of any building hereafter erected upon the granted premises, or the adjacent lot on either side, may be placed one half on the granted premises and one half on the adjacent lot, and the owner of the lot adjacent to such building so erected shall, whenever he uses such wall, pay one half the cost of the same, or so much thereof as he may use.'

" The plaintiff soon after built a dwelling-house on lot 12, and placed a party wall, one half upon lot 12 and one half upon lot 13; and the wall cost at the time, in all, the sum of $2249, one half of which the plaintiff is entitled to recover in this case, if she shall prevail therein, with interest.

" On May 24, 1869, after the conveyance to the plaintiff had been made and recorded, Lee and others conveyed lot 13 to Isaac S. Craft, by deed duly acknowledged and recorded, and with full covenants of warranty against all incumbrances made or suffered by them, except certain restrictions upon said land contained in the deeds thereof by the Commonwealth of Massachusetts, and which are not material to this case. Subsequently Craft conveyed lot 13 to the defendant by deed, dated May 9, 1874, duly acknowledged and recorded, with full covenants of warranty against all incumbrances, except said restrictions.

" At the time of the conveyance by Craft, he had no knowledge that any part of the party wall had been built upon lot 13, nor any notice or knowledge of the agreement contained in the deed of Lee and others to the plaintiff, except such knowledge and notice, if any, as the law implies from the recording of the deed of the plaintiff. At or before the time of taking the deed from Craft of lot 13, the defendant became informed of the fact that lot 12 had been conveyed by Lee and others to the plaintiff by deed of May 13, 1869, and that the deed had been recorded, but had no other actual knowledge of the existence of the agreement.

" The defendant, soon after his purchase of lot 13, proceeded to build a dwelling-house thereon, and used for that purpose so much of the party wall as stood upon lot 13. After the defend-

ant had so used one half of the party wall, the plaintiff, before bringing this action, made a demand of the defendant that he should pay the sum of $1124.50, one half the cost thereof, which the defendant refused to pay, or any part thereof."

*F. A. Brooks & F. V. Balch,* for the plaintiff.

*E. Wright,* for the defendant.

GRAY, C. J. The submission of the case upon an agreed statement of facts waives all questions of the form of the declaration. The deed of Lee and others to the plaintiff, having been duly acknowledged and recorded, was notice to all subsequent purchasers, so far as it conveyed an interest in, or created a charge upon, real estate. The clause inserted in that deed, being under the seal of the grantors, was so executed as to operate as a grant, or a covenant, or both, according to the intention of the parties, as manifested by its terms.

Those terms show: 1st. A grant to the plaintiff of the right to place half of his partition wall upon the adjoining lot, then owned by the grantors; 2d. A grant to the plaintiff of a right of property in the wall, when so built, at least until it should be paid for as afterwards provided; 3d. A covenant that the wall might be so built, imposing a burden, for the benefit of the plaintiff's land, upon the adjoining lot; 4th. A covenant that the owner of that lot, whenever he should use the wall, should pay one half of the cost of the same, or of so much as he should use; 5th. And thereby a clear manifestation of an intent that these covenants should bind all assigns of the grantors as owners of that lot. The defendant, having subsequently purchased that lot, and made use of the wall built by the plaintiff, would seem to be liable, according to the decision in *Savage* v. *Mason,* 3 Cush. 500, as upon a covenant, the burden of which ran with his land, to pay the amount agreed. See also *Weld* v. *Nichols,* 17 Pick. 538, 542, 543; *Bronson* v. *Coffin,* 108 Mass. 175, 182–184, and 118 Mass. 156.

But even if, in accordance with the decision in *Cole* v. *Hughes,* 54 N. Y. 444, cited for the defendant, the agreement to pay money should be considered a personal covenant only, not running with the land of the grantors, yet the plaintiff clearly had a right of property in the wall which she built in the exercise of the right which had been granted to her in that land. *Maine*

v. *Cumston*, 98 Mass. 317. *Standish* v. *Lawrence*, 111 Mass. 111. The defendant, having made use of the wall so built, cannot deny the plaintiff's right therein, and is bound to compensate her for such use, either according to the covenant in the deed from his grantors to the plaintiff, or according to the value of the wall. We need not consider what the amount of such compensation should be, in the absence of agreement between the parties to this action, because these parties, in the case stated, have themselves assessed the amount, by agreeing upon the sum which the plaintiff shall recover if she can maintain her action.

*Judgment for the plaintiff.*