By the Court.—Sanford, J.
—The points made by defendant’s counsel, upon the argument, as constituting grounds for a reversal of the judgment, are:
(1.) That the agreement between North and Walkeconstituted no incumbrance upon the premises granted, and, therefore, the plaintiff showed no breach.
(2.) That no actual damage had been shown, and only nominal damages were, therefore, recoverable.
(3.) That if entitled to recover more than nominal damages the plaintiff was not entitled to the diminution in value of the property at the time of his purchase, by reason of the existence of the incumbrance, as charged by the court, but only to such sum as would bear to the actual consideration paid for the conveyance, the same ratio which the portion of the premises as to which title has failed, bears to the whole property.
(5.) That the allowance of interest was at all events erroneous.
A party wall standing equally upon the land of adjoining proprietors, and whose central line is, throughout, coincident with the line of division between their respective premises, constitutes no incumbrance upon, or defect in, the title of either, such as will relieve a purchaser from his contract or entitle him to compensation, notwithstanding that the owner may have covenanted with him to convey by good title, in fee simple, free of incumbrance (Hendricks v. Stark, 37 N. Y. 106). In such case the detriment sustained by each tenement, in becoming servient to the other, is compensated by the benefit it derives from having the other made equally servient to it.
But a party wall wholly on one of two contiguous *329 lots of land, yet subject to appropriation and use for all the purposes of a party wall by the proprietor of the other, constitutes an incumbrance upon or defect in the title of the lot on which it stands, for the reason that it restricts the use, and impairs the enjoyment thereof, without impartiñg any corresponding benefit or advantage thereto. In the one case each of the two tenements is at the same time dominant over and servient to the other, in equal degree. There is entire reciprocity in their mutual relation. In the other case no such reciprocity exists. The tenement that sustains and supports the wall is merely servient. That to which only its use appertains is wholly dominant. The servitude that attaches in the one case is an incumbrance which impairs the estate. The domination acquired in the other is a privilege that enlarges it (Giles v. Dugro, 1 Duer, 331). The irrevocable privilege of using a wall as a party, wall, whether for a term or in perpetuity, and whether acquired by grant, license, covenant, or prescription, constitutes an easement, and is, consequently, an incumbrance. Such a privilege was conferred and created by the deed between North and Walker, annexed to the complaint. That deed, in terms, grants to Walker, his heirs and assigns, precisely such a privilege. He availed of it for the benefit of the premises then owned by him. Thereby and by virtue of the terms of the grant it became appurtenant to those premises, and thus passed under their conveyance. It is insisted, on the part of the defendant, that it was expressly provided by the terms of the grant, that nothing therein contained should be construed as vesting in Walker, his heirs or assigns, any legal right, title, or interest in the ground or soil, or any part thereof, on which the said party wall now stands.
And it was argued, that by reason of this proviso the covenant of the grantor was a mere personal cove *330 nant, and did not ran with the land. But the premise from which this conclusion is deduced is incorrectly stated. It is true that a covenant, to the effect stated, is inserted in the deed, but this covenant is itself qualified by an exception which is fatal to the inference. It is mutually covenanted that Walker and his heirs shall acquire no interest in the soil, “ except only as to the perpetual appropriation, use, enjoyment, and easement, of the said party wall as a party wall, by and between the said two lots of ground and the house erected and to be erected thereon.” This language can only be construed as expressing an intent to vest in Walker, his heirs and assigns, an interest in the land, to the extent specified in the exception ; that is to say, to vest in him and them a perpetual easement on and over the soil occupied by the wall. So far from frustrating the declared intent of the parties, that the agreement between them should be perpetuated and at all times “continued as a covenant running with the land,” this language confirms and corroborates such intent and indicates the purpose to create a servitude and easement “by and between the said two lots of ground.” The criterion for determining whether a covenant runs with the land is the intention of the parties ; and if the covenants be of such a nature that they can run with the land, and the deed expresses such an intent, they bind not only the original parties but the subsequent owners of the respective premises (Per Dwight, C., Brown v. McKee, 57 N. Y. 684). The plaintiff’s title having been incumbered at the date of the conveyance to him by the existence of an easement incapable of removal at his option, by any payment or tender, or having failed pro tanto, by reason of the prior grant of such easement, a right of action immediately accrued to him upon the defendant’s covenant, by reason of the breach thereof.
It is quite immaterial to the plaintiff’s right of ac *331 tion, or to the question of damages, that he had or had not notice of the existence of the incumbrance. If aware of it, he had the option of rejecting the deed or of accepting it and relying on the defendant’s covenant. Had the premises been incumbered by the lien of a tax, a judgment, or a mortgage, it surely would not be pretended, that the defendant’s liability therefor would be discharged by plaintiff’s knowledge of the fact. This point, however, was not presented by the appellant on the argument, either orally or otherwise, and is deemed to have been abandoned.
There was evidence tending to show actual and substantial damage from the date of his purchase. The plaintiff was excluded from the use and occupancy of the wall of his dwelling, in so far as it was used as a party wall or as a side wall of the dwelling-house erected on the adjoining land. The judge submitted to the jury the question whether, by reason of such exclusion, the plaintiff did or did not sustain damages of a substantial character. Ho exception was taken to the charge, and no appeal having been taken from the order denying defendant’s motion for a new trial, we cannot consider questions of fact. The case of Giles ■». Dugro, above cited, is authority for the proposition that more than nominal damages are recoverable.
If the rule of damages laid down by the learned judge in his charge is not precisely in accordance with that prescribed in the case of Giles v. Dugro (ut supra), the case presents no exception which raises the question of its accuracy. The charge as delivered was not excepted to. Exception was taken to the refusal of the judge to charge as requested, as to the measure of damages, but the defendant’s requests contained no reference to the rule properly applicable to the case. They simply called for an instruction to the effect that nominal damages only were recoverable. In withholding such instruction, no error was committed.- The *332 rule now contended for by defendant is much more objectionable than that laid down by the court, if indeed the latter be objectionable at all. It is insisted that inasmuch as the whole consideration for the conveyance of twenty-one feet and eight inches was $22,000 while the total failure of title extended only to four inches, the damage should have been $340, instead of $1,350 as awarded by the jury.
In other words, that the damages are limited to a sum which bears to the whole consideration of the conveyance, the same ratio which the size of the part of the premises as to which there is a failure of title bears to the size of the entire tract attempted to be conveyed.
This rule assumes that every separate part of a tract of land is of the same value Vith every other part of the same dimensions, and that the value of the whole is equivalent to the aggregate of the values of as many separate parts as the whole is divisible into. The assumption is fallacious and incorrect.
A parcel of arable land may be worth far more than all the rest of a farm of which it constitutes but a small part, and the value of a city lot, twenty or more feet wide, may be much greater in proportion to its width than a narrow strip of the same premises.
Had objection been made to the charge of the court in this regard, or had the attention of the learned judge been directed to the true rule by a proper request, it is reasonable to suppose that there would have been no ground for the imputation of error. As it is, any adverse criticism is disarmed by the absence of objection or exception, and of any suggestion by counsel as to the measure of damage properly applicable to the case. The variance between the charge and the rule as laid down in Giles v. Dugro, if any there be, is too slight to be regarded under all the circumstances of the case. The same observations apply to *333 the objection .that interest is not recoverable. The question was not raised at the trial, and the ruling of the court with respect to it is not now under review.
Various exceptions taken to the ruling of the court upon questions relating to evidence are effectually disposed of by the views above expressed. The only grounds for reversal urged on the argument, or in the printed points of the counsel for the appellant, are those which have constituted the subject of this discussion. All others are deemed to have been waived or abandoned.
The judgment should be affirmed, with costs of the appeal.
Curtis, Ch. J., concurred.