MAHONEY & EVANS v. LAPOWSKI BROS.

(No. 5382.)

APPEAL from Taylor County. Opinion by WILLSON, J.

COCKRELL & COCKRELL, counsel for appellants.

SPOONTZ & LEGGETT, counsel for appellees.

§ 307. *Contract concerning party-wall; jurisdiction of county court as to; case stated.* Appellants are joint owners of a lot in the town of Abilene. Herrington & Wells were joint owners of an adjoining lot. Appellants desiring to erect a brick building upon their lot, entered into a verbal agreement with Herrington & Wells, whereby appellants were to erect a party-wall between said lots, said wall to rest equally upon said lots. Herrington & Wells agreed for themselves and their assigns to pay one-half the cost of said wall whenever they or their assigns should build to and use the same. Under this contract appellants built the wall at a cost of $950. Herrington purchased the interest of Wells in the lot owned by them jointly. He executed a deed of trust thereon, under which said lot was sold, and was purchased by one Lowell, who sold it to one Blum, who sold it to appellees. Prior to executing said deed of trust Herrington paid appellants $175 on said contract, leaving a balance of $300 thereon unpaid. Appellees built upon their lot, and in doing so joined to and used said party-wall, refusing

to pay said $300 or any part thereof, and appellants brought this suit to recover said $300, alleging that Lowell, Blum and appellees each had notice of said contract when they became purchasers of said lot. Appellees pleaded to the jurisdiction of the court upon the ground that this was a suit to recover land. This plea was overruled. Appellees demurred generally to the petition, which demurrer was sustained and the suit dismissed. *Held:* The plea to the jurisdiction of the court was properly overruled. This is not a suit for the recovery of land, or for the enforcement of a lien thereon. It is a suit to recover upon a contract for the payment of money, and in no way affects or involves title to land.

§ 308. *Party-wall; rights and liabilities of owners of and their assigns; petition held sufficient.* Appellants' petition alleges in detail and fully the facts constituting their cause of action, as hereinbefore substantially stated. These facts show a good cause of action. In Brown v. McKee, 57 N. Y. 684, Judge Dwight in a dissenting opinion says: "Where, under a parol agreement between adjoining proprietors, one builds a party-wall, one-half upon the premises of each, the other agreeing to pay one-half the value when he shall use the wall, upon the erection of the wall the agreement becomes valid in equity. The builder owns the wall absolutely until the other elects to use the same, with a permanent right in him and his grantees to have one-half the wall stand on the land of the other, not only while the latter retains the title but after it has passed to an assignee with notice of the rights of the owner of the wall. If the owner of the land burdened with this easement elect to use the wall and pay half its value, he thereby becomes owner, not only of the one half standing upon his own land, but has an easement in the other half. Whether a covenant to pay for the wall when used runs with the land or not, in view of a court of law, a grantee of the covenantor having notice is bound in equity, and the benefit of the covenant inures to the grantee of the builder, to whom

the property in the wall passes as an incident to his grant, and the former cannot avail himself of this agreement without being equitably bound to pay him who is the owner of the wall at the time he appropriates it." Although these views are those of only a single judge, they commend themselves to us as eminently reasonable and just, and being unfettered by any statute or decision of our own courts upon the subject, we adopt them as the law of this case, and hold that the facts alleged in appellants' petition constitute, in equity, a good cause of action. In equity, the same rule applies to a parol contract of this character that would in law govern a covenant under seal, and in law, had this contract been under seal, it would have been binding not only upon the parties thereto, but upon their assigns, as a covenant running with the land. [Roche v. Ullman, 104 Ill. 11; Joy v. Savings Bank, 115 Mass. 60; Maine v. Cumston, 98 Mass. 317; Standish v. Lawrence, 111 Mass. 111.]

May 28, 1887.                    Reversed and remanded.