JACOB W. BERRY *vs.* WILLIAM H. GODFREY.

Essex.    December 12, 1907. — March 7, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Contract*, Construction, Party wall agreement.    *Party Wall.*

By an agreement in writing, owners of adjoining parcels of land "mutually" granted and covenanted "each with the other that either party" might "build a party wall on any part or the whole of the boundary line between the said estates which the other party should have the right to use as herein provided." Other provisions of the agreement related to the extension of the wall in any direction, and to the rebuilding of it in case it got out of repair or was destroyed; "and when any portion of any wall so built, extended or rebuilt shall be used by the party by whom the portion so used was not constructed, he shall pay to the party who constructed it one half of the value at the time of such use of the whole thickness of the portion so used." One of the parties to the agreement built the entire wall, which was sixteen inches thick for the four lower stories and stood equally on the land of the two, and the other party used and paid for a part of it as a side wall of a building constructed by him, and drove into the remaining portion ten-penny nails upon which he hung rugs for display in connection with his business, not paying to the party who constructed the wall any compensation for the portion so used, and the party who constructed the wall brought against him an action of tort. *Held,* that the action might be maintained, since the entire wall was the plaintiff's until paid for by the defendant under the agreement, and since the use of the wall contemplated by the agreement was a use only for the erection or support of a building, and therefore the use on the part of the defendant to which the plaintiff objected was an interference with the plaintiff's rights.

TORT for injury to a brick wall, alleged to belong to the plaintiff, due to the defendant's driving nails into it. Writ in the Police Court of Lawrence dated April 11, 1905.

On appeal, the case was tried before *Bell*, J. The agreement

referred to in the opinion recited, in substance, that the parties being adjoining owners, " hereby mutually grant and covenant each . . . with the other . . . that either party hereto . . . may build a party wall . . . on any part or the whole of said boundary line between the said estates which the other party . . . shall have the right to use as herein provided, the middle line of which wall shall coincide with said boundary lines . . . [here followed a description of a wall sixteen inches thick for four floors and twelve inches thick above that] . . . and either party hereto . . . may extend in any direction on said line any wall so built, and may rebuild the same in case of partial or total destruction thereof; and when any portion of any wall so built, extended or rebuilt shall be used by the party . . . by whom the portion of the wall so used was not constructed, he . . . shall pay to the party who constructed the same . . . one half of the value at the time of such use of the whole thickness of the portion of such wall including the foundation thereof so used . . . and the same so to be paid [for] shall, until paid, remain a charge upon the land of the party liable to pay the same. . . . Whenever any party wall built under this agreement shall be extended in height, the chimneys previously built in such wall shall be carried up to the proper height and any injury caused by such extension shall be made good, all at the expense of the party making the extension; and in case of any dispute as to any value before mentioned, the amount thereof shall be referred to two disinterested parties to be appointed, one by each party hereto, or by his heirs or assigns, said referees in case of disagreement, choosing a third person as arbiter."

Other facts are stated in the opinion.

At the close of the evidence, the presiding judge ruled that the plaintiff was entitled to recover, and thereupon by agreement a verdict for nominal damages was rendered for the plaintiff, and, at the request of the parties, the case was reported for the consideration of this court, the verdict to stand if the ruling of the presiding judge was correct, otherwise judgment to be entered for the defendant.

The case was submitted on briefs.

*J. P. Sweeney, H. R. Dow & L. S. Cox*, for the plaintiff.

*E. P. Morton*, for the defendant.

KNOWLTON, C. J.   The plaintiff built a party wall running back from the street on the boundary line between his land and that of the defendant.   This was done under a contract with the defendant, authorizing either party to build such a wall along any part or the whole of the boundary line, and providing that the other should have a right to use any portion or the whole of the wall so built, by paying to the one who built it "one half of the value at the time of such use of the whole thickness of the portion of such wall including the foundation thereof so used by him."   The contract contained various details which need not be considered.

The defendant used and paid for a portion of the wall, but there was another part of it between the part so used and the line of the street which he did not appropriate or pay for.   Into this portion of the wall, which was in front of the front line of his own building, he drove seven or eight ten-penny nails on the side towards his land, about fifteen feet above the ground.   In that part of the wall he claimed no rights by virtue of the agreement under which it was built, or by reason of his use of the other part and his payment therefor.   To these nails he attached pulleys and cords, from which he suspended rugs, mats and other articles that he kept for sale in his store.   He was requested by the plaintiff to remove the nails and pulleys, and to refrain from using the wall, but he refused the request.   The action is tort for a wrongful interference with the plaintiff's property.

If the defendant had used this part of the wall in the erection of a building it would have become a party wall throughout its entire length, and he would have acquired a title to that part of it which stood upon his land, and he lawfully could have used it in any reasonable way that did not injuriously affect the purposes for which it was erected.   It is a familiar rule of law that, after a party wall has been erected under such a contract, and appropriated and paid for by the person whose land adjoins that of the builder, each party is the owner in severalty of that part which is on his land, subject to easements both in the wall and the land in favor of the other party.   It is equally well settled by decisions in this State and elsewhere that, until it is appropriated by the adjacent owner under the contract, it is the

property of him who built it, and that, so far as it stands on the land of his neighbor, it is lawfully maintained there under a license which preserves to the builder all his rights of property in it. *Maine* v. *Cumston,* 98 Mass. 317. *Standish* v. *Lawrence,* 111 Mass. 111. *Richardson* v. *Tobey,* 121 Mass. 457, 459. *Mickel* v. *York,* 175 Ill. 62. *Masson's appeal,* 70 Penn. St. 26. *Glover* v. *Mersman,* 4 Mo. App. 90. *Jeannin* v. *DeBlanc,* 11 La. Ann. 465. It was said by Buchanan, J., of the owner of the adjacent land in the case last cited, that, "until he does so pay, there is, for the neighbor, a positive expropriation of so much of his land as is covered by the wall."

These cases show that, until the wall is used by the adjacent owner, the license to the builder preserves for him as full and perfect a right of property in that part of the wall on the adjacent land as in that on his own land. His rights of property are as well protected as those of any person in property which he keeps, under a license, on land of another.

It follows that a use of this property, or any interference with it, without his consent, is a violation of his rights, for which he is entitled to his remedy. Until it is used under the contract, his control over it in the place where it stands is like the control which every person has of that which belongs to him exclusively.

The use referred to in the contract, which calls for payment by the defendant, is a use for the erection or support of a building. *Pfeiffer* v. *Matthews,* 161 Mass. 487, 489. The defendant has not acquired, and he does not claim, any right to this part of the wall under the contract. He, therefore, has no right in it of any kind, and his driving large nails into it and his appropriation and use of it, for purposes of his own, was a wrong in law which justified the ruling of the judge and the verdict for nominal damages.

*Judgment on the verdict.*