STEPHEN H. BENNETT & others *vs.* WILLIAM SHEINWALD.

Suffolk.   January 20, 21, 1925. — March 19, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Contract,* To convey real estate, Construction, Performance and breach.
    *Deed,* Covenant as to party wall. *Practice, Civil,* Report.

At the trial of an action for breach of an agreement to convey land, a
    verdict for the defendant was ordered and the judge reported the
    action to this court for determination. From his report it appeared
    that the only real issue between the parties at the trial was, whether
    the premises to be conveyed were free from incumbrances except
    certain restrictions specifically named. In this court, the defendant
    also contended that the agreement was intrinsically unenforceable for
    various reasons. *Held,* that no other issue than that stated in the
    report was before this court.
A deed of land on Commonwealth Avenue in Boston in 1879 contained
    the following provision: "All pile foundations, stone work, walls, and
    fences on the boundary between this lot and either of the adjoining
    lots shall be placed one-half part on each of said lots, and whenever the
    owner of either of said lots shall use and enjoy any part of such founda-
    tion, stone work, walls and fences as built by another, such owner shall
    pay for such part of such foundation, stone work, walls and fences the
    actual value of one half part thereof to the owners thereof." The pro-
    vision was referred to in subsequent deeds and had not been formally
    abrogated in 1922 when the then owner of the land made an agreement
    to sell it. *Held,* that
    (1) It was the intention of the parties to the original deed that the
    party wall agreement should bind and benefit the respective estates,
    whoever might own them, that it ran with the land, and that it was not
    intended merely as a personal contract;
    (2) In this Commonwealth such exercise of control and dominion
    constitutes an incumbrance.

The tendering of a deed subject to the above party wall provision was not a tendering of performance of an agreement which called for a conveyance "by a sufficient quitclaim deed conveying a clear title thereto free from incumbrances except Commonwealth Avenue restrictions of record and . . . [certain] taxes."

CONTRACT for breach of an agreement in writing by the defendants to purchase land of the plaintiffs. Writ dated July 14, 1922.

In the Superior Court, the action was tried before *Raymond*, J. Material evidence is described in the opinion. The judge submitted the case to the jury, who assessed damages in the sum of $4,000. He then ordered a verdict for the defendant and reported the action to this court for determination.

*J. Codman & J. T. Wheelwright*, for the plaintiff.

*M. M. Horblit*, (*J. Wasserman* with him,) for the defendant.

CROSBY, J. This is an action of contract for the recovery of damages for an alleged breach of a written agreement, under which the plaintiffs were to sell and the defendant to buy a certain lot of land with buildings thereon situated on Commonwealth Avenue, in Boston. The pertinent provision of the contract is as follows: "The premises are to be conveyed by a sufficient quitclaim deed conveying a clear title thereto free from incumbrances except Commonwealth Avenue restrictions of record and City of Boston taxes assessed as of April 1, 1922 . . . ." At the conclusion of the evidence the trial judge, on motion of the defendant, directed a verdict in his favor, and by agreement of the parties submitted to the jury the question of damages only, which were assessed in the sum of $4,000. The case was then reported to this court for determination of the correctness of the ruling directing a verdict for the defendant. If the ruling was right, the exceptions taken by the defendant become immaterial.

The contract on behalf of the plaintiffs was signed by Stephen H. Bennett, individually, and also as "Agent for the Heirs." Margaret D. Bennett, wife of Stephen, and mother of the other plaintiffs, at her decease in 1915 was the owner of the real estate in question. She left a will which

was duly probated and allowed; her husband waived its provisions and received his statutory share in his wife's estate. It is contended by the defendant at the outset that the contract is invalid, for the reason that it purports to have been made between the surviving husband and "Heirs and Devisees of Margaret D. Bennett" and the defendant; also, that the agreement is invalid for the reason that the plaintiffs, with the exception of Stephen H. Bennett, are not individually named as contracting parties, and that it does not set forth who the "Heirs and Devisees" are; and finally, that the agreement does not comply with the statute of frauds. It is apparent from the record that, although the motion for a directed verdict filed by the defendant was allowed, the only real issue between the parties was, whether the premises to be conveyed were free from incumbrances except the restrictions specifically named. The report recites that the "defendant refused to accept the deed on the ground then stated that it would not convey to his wife a title 'free from incumbrances except Commonwealth Avenue restrictions of record and City of Boston taxes assessed as of April 1, 1922' . . . ." It is sufficient to say that no other issue than that stated is before this court.

It appears that at the trial, by agreement of the parties, certain deeds and a party wall agreement were admitted in evidence which showed a complete chain of title to the premises in question from February 20, 1879, to April 16, 1904. It was admitted by the plaintiffs that Commonwealth Avenue is and since 1896 has been a public parkway; that in pursuance of the statutes the park commissioners duly restricted the height of buildings bordering on the avenue to seventy feet, and established a "set back restriction" of twenty-five feet some years before 1922; and that these restrictions were a matter of public record in 1922 and are still in force. These two restrictions are the only ones which are shown by the record to affect property bordering on this avenue. The earliest deed above referred to is that of Braman and others, trustees, to Morse, dated February 20, 1879, and duly recorded and includes the land in question. It contains the following provision: "All pile foundations,

stone work, walls, and fences on the boundary between this lot and either of the adjoining lots shall be placed one-half part on each of said lots, and whenever the owner of either of said lots shall use and enjoy any part of such foundation, stone work, walls and fences as built by another, such owner shall pay for such part of such foundation, stone work, walls and fences the actual value of one half part thereof to the owners thereof." The foregoing provision relating to party walls is referred to in subsequent deeds and is still in full force and effect. This provision is incorporated in the various deeds in the chain of title of the plaintiff; it cannot be held to be included in the term "Commonwealth Avenue restrictions" as used in the agreement between the parties in the present case, but is to be considered as a covenant wholly independent thereof. It is the contention of the plaintiffs that said party wall agreement does not constitute an incumbrance on the lot agreed to be sold, as there was no evidence to show that it diminished the value of the lot, and has been fully executed and completed. The plaintiffs also contend that there is no covenant to rebuild if the walls are destroyed and that such provision is made for the benefit of lots of adjoining owners. The question, and the only question, we are called upon to decide, is whether the provision relating to party walls is an incumbrance on the lot agreed to be conveyed.

The plaintiffs, to recover, must show affirmatively that they tendered a deed of the premises to the defendant which conveyed a "clear title thereto free from incumbrances," subject only to the restrictions specifically referred to in the agreement. The lot which they agreed to convey had a frontage of twenty-five feet on the northerly side of Commonwealth Avenue and is one half of the land originally conveyed in 1879 by the plaintiffs' predecessors in title, Braman and others, to Morse. The easterly and westerly boundary walls of the lot in question are subject to the party wall provision in the Braman deed. The record does not expressly disclose whether either of these walls has been built, or, if so, to what extent; and there is no time limit on the duration of this provision in the Braman deed. It applies to all pile

foundations, stone work, walls and fences, and provides that "whenever" the owner of either adjoining lot shall use and enjoy any part of such wall as built by another, he shall pay for such part one half its actual value to the owner thereof. Under this provision an owner not only has the right to place one half part of the wall on the adjoining lot, but he is compelled to do so. The Braman deed expressly provides that the grantors "reserve the right to enter upon the premises and at the expense of the party at fault, to remove or alter, in conformity with the above stipulations any building or portion thereof which may be erected on the premises by the said Grantee or her representatives or assigns in a manner or to a use contrary to the above stipulations." This reservation makes it obvious that the obligation to build, and the right of entry to remove, are covenants which run with the land. If we assume, although not so expressly stated in the record, that because the agreement includes a conveyance of the buildings on the lot the party walls have been entirely constructed, the same result must be reached, namely, that the provision in question creates a covenant which passes to heirs and subsequent assignees. It cannot be construed as personal and separate from the land. It was said in *Savage* v. *Mason*, 3 Cush. 500, 505, "it has direct and immediate reference to the land; it relates to the mode of occupying and enjoying the land; it is beneficial to the owner as owner, and to no other person; it is in truth inherent in and attached to the land, and necessarily goes with the land into the hands of the heir or assignee."

The deed under which Mrs. Bennett acquired title was subject to the agreement contained in the Braman deed which, as we have already said, binds the heirs and assigns of the respective parties. It creates a mutual covenant which runs with each lot, and after the walls had been erected and paid for by the parties respectively, each was the owner in severalty of the part on his land, subject to the easement in favor of the other party in the wall and to the land upon which it stands. *Berry* v. *Godfrey*, 198 Mass. 228. The easement of support afforded by a wall of this nature is not limited to the building originally erected, but includes any

new structure that may be erected and supported by it in the same place; and if the wall becomes weakened or destroyed either owner may repair or rebuild it or change its construction on his own land in a manner suitable to support a new or different building, provided the rights of the adjacent owner are not thereby affected or impaired. *Phillips v. Bordman,* 4 Allen, 147. *Fleming* v. *Cohen,* 186 Mass. 323, 328. We are of opinion that upon this record it was the intention of the parties to the original deed from Braman to Morse that the party wall agreement should bind and benefit the respective estates whoever might own them, and was not intended merely as a personal contract. *Savage* v. *Mason, supra. Maine* v. *Cumston,* 98 Mass. 317. *King* v. *Wight,* 155 Mass. 444. *Richardson* v. *Tobey,* 121 Mass. 457. *Berry* v. *Godfrey, supra. Mott* v. *Oppenheimer,* 135 N. Y. 312. *O'Neil* v. *Van Tassel,* 137 N. Y. 297. *Crawford* v. *Krollpfeiffer,* 195 N. Y. 185. *Bull* v. *Burton,* 227 N. Y. 101. *Mickel* v. *York,* 175 Ill. 62. *Roberts* v. *Bye,* 30 Penn. St. 375. *Mackey* v. *Harmon,* 34 Minn. 168. *Sullivan* v. *Graffort,* 35 Iowa, 531. *Loyal Mystic Legion* v. *Jones,* 73 Neb. 342. See also *Hendricks* v. *Stark,* 37 N. Y. 106, where, as in the case at bar, the agreement provided for building a wall partly on land of the plaintiffs in which the adjoining owner had an easement, with the right to use it for support.

In this Commonwealth in the circumstances here disclosed such exercise of control and dominion constitutes an incumbrance, and cannot be justified as matter of law on the ground that the agreement is beneficial to the owners or increases the value of their estates. It may be that an owner may not desire to build on that part of his lot; if so a party wall would be of no benefit to him. He may desire to build a wall entirely on his own land in order to have exclusive control over it; or he may prefer to build a wall of a different thickness and material from that provided for in the party wall agreement; he may wish to erect a structure upon his lot which will require a foundation sufficient to support a weight far in excess of that which he is authorized to construct under the agreement, even if the building so erected is somewhat less in width than could be erected upon the

party wall.    Whether the walls have or have not been built, the agreements with reference thereto on the facts of this record create covenants which run with the land in favor of the owners of adjoining lots, and the covenants in question constitute an incumbrance on the title of the plaintiffs. *McGlynn* v. *Maynz,* 104 Mass. 263.    *Jeffries* v. *Jeffries,* 117 Mass. 184.    *Richardson* v. *Tobey, supra.    Cashman* v. *Bean,* 226 Mass, 198, 203.    *Traute* v. *White,* 1 Dick. 437, 440.

The deed tendered by the plaintiffs to the defendant recites that the "premises are hereby conveyed subject to and with the benefit of all stipulations, agreements provisions and restrictions in said deeds contained or referred to so far as now in force and applicable."    In the deeds therein referred to, the party wall agreement is expressly recited.    It is manifest that the deed does not as matter of law comply with the contract made by the parties wherein the plaintiffs undertook to convey the premises by "a clear title thereto free from incumbrances except Commonwealth Avenue restrictions of record and City of Boston taxes assessed as of April 1, 1922," and the defendant was justified for this reason in declining to accept the deed and carry out the contract of sale.

As the court rightly directed a verdict for the defendant, the defendant's exceptions have become immaterial.

*Judgment for the defendant on the verdict.*