Cox, J.
This is an action of contract to recover one thousand dollars deposited by the plaintiff on account of the purchase price of real estate located at 2031 Purchase *127 Street, New Bedford, Massachusetts, and personal property therein contained. The answer is a general denial and the further answer to the effect that the plaintiff, having informed the defendant that he did not intend to complete the purchase, is not entitled to the return of his deposit.
On May 28, 1948 the defendant and the plaintiff entered into a written agreement for the sale and purchase of the property on Purchase Street, together with certain personal property, for a price of thirty thousand dollars. The plaintiff at that time made a deposit of one thousand dollars. The balance of twenty-nine thousand dollars was to be paid in cash upon the delivery of a warranty deed free from all encumbrances, except real estate taxes for the •year 1948, which were to be apportioned as of the day of delivery of the deed. June 28, 1948 at ten o’clock in the morning, at the office of the attorney for the defendant, was agreed upon as the time and place for completing the transaction. It was further provided in the agreement that in the event the seller could not give good title the deposit was to be returned and the liability of the parties was to end and that if the buyer did not complete the purchase he was to forfeit the deposit.
On June 25, 1948 the defendant’s attorney wrote to the plaintiff advising him that the defendant would be ready to deliver the deed of the real estate and the bill of sale of the personal property at the attorney’s office on June 28th at ten o’clock and that he would have the necessary discharges of mortgages. On June 28th the parties met at the time and place appointed and the plaintiff announced that he was prepared to go through with the transaction and asked to see the deed. A deed was produced by the attorney for the defendant. It was then discovered that no arrangement had been made by the defendant to pay off and discharge two outstanding mortgages on the real estate and a chattel mortgage on the personal property which was in *128 volved in the transaction. The report states that there were two other undischarged mortgages but whether these two mortgages were on the real estate or on the chattels does not appear.
The judge found that the defendant corporation was unable to discharge the mortgages without recourse to the purchase money. There was conflicting evidence whether the plaintiff himself had with him the necessary cash to complete the transaction had a good deed been tendered. There was evidence that after the agreement was signed the plaintiff visited the defendant’s treasurer on several occasions and advised him that he was not going to buy the property. This, however, was denied by the plaintiff. There was also testimony by the attorney for the defendant that he met the plaintiff on June 26th, the day after he sent his letter setting the time and place for passing papers, and that the plaintiff indicated that he was no longer interested in purchasing the property. The judge, however, found that the defendant’s representative placed no reliance on the statement of intention by the plaintiff, a finding that was clearly warranted from the fact that the parties met on June 28th at the time and place appointed for completing the transaction. The judge found for the plaintiff in the sum of one thousand dollars.
The defendant filed eighteen requests for rulings of law, two of which the court allowed, five of which he held to be correct statements of law but inapplicable to the case, and eleven of which he denied as inapplicable to the facts. The defendant claiming to be aggrieved by the action of the judge in dealing with the requests for rulings of law filed in its behalf, the case was reported for our determination.
We proceed to consider the case on its merits whether or not the points of law involved are raised by the defendant’s requests for rulings of law.
*129 The defendant, as seller, agreed to convey the real estate in question by a warranty deed free from all encumbrances, except 1948 taxes, which were to be apportioned as of the day of delivery of the deed. It is clear that because of the undischarged mortgages on the property the defendant, as seller, could not convey a good title to the plaintiff free from all encumbrances, except the 1948 taxes. Consequently, it is immaterial that at the time and place appointed for performance, the plaintiff, as buyer, may have been unable to perform his part of the agreement by the payment of the balance of the purchase price. Costello v. Tasker, 227 Mass. 220. Bennett v. Sheinwald, 252 Mass. 23, 26.
It is contended for the defendant that the plaintiff had clearly indicated that he did not intend to complete the purchase and that therefore the plaintiff waived his right to object to the title at a later time. If such were the fact the plaintiff would not be entitled to recover his deposit. Sullivan v. F. E. Atteaux & Co. Inc., 284 Mass. 515, 520, 521. The trouble with this contention is that it was not found to be the fact. The evidence on the point was conflicting and the trial judge found that the defendant did not rely on any such statement. The defendant was unable, or did not choose, to test the plaintiff’s ability and willingness to perform by tendering a deed of the property free from all encumbrances, except 1948 taxes. Beck v. Doore, 319 Mass. 707, 710.
It is also contended that the undertaking on the part of the defendant, as seller, to give a deed free from encumbrances and the undertaking on the part of the plaintiff, as buyer, to pay the remainder of the purchase price, were dependent promise's to be concurrently performed, and that the defendant was not required to give a deed until the plaintiff should pay the remainder of the purchase price. This same contention was made without success in the ease of Greenberg v. Lannigan, 263 Mass. 594, under almost *130 identical circumstances. That case is controlling. That was an action to recover a deposit of five hundred dollars made under a sale and purchase agreement in which the defendants agreed to convey the premises in question by deed free from all encumbrances. When the parties met to complete the transaction there were three undischarged mortgages on the property but the defendants had discharges in their possession which they were authorized to record as soon as they should receive the purchase money. It also appeared that the plaintiff was not in a position to pay the balance of the purchase price agreed upon if a proper deed had been tendered. We quote from that decision, at page 596:
“It is contended by the defendants that, the promises of the parties being dependant, and to be concurrently performed, they were not required to give a deed of the premises until the plaintiff paid the remainder of the purchase price. But, even if the defendants had the discharges, which were duly executed and ready for delivery if the purchase price was paid, the deed as tendered left the property subject to the mortgages, and, in the opinion of a majority of the court, having failed to comply with the terms of the agreement, the defendants held the money of the plaintiffs without consideration. Burk v. Schreiber, 183 Mass. 35. Wenz v. Pastene, 209 Mass. 359, 364.”
The defendant having failed to tender a deed free from all encumbrances, except the 1948 taxes, it holds the money of the plaintiff without consideration.
What has been said disposes of every material question which has been raised in the defendant’s requests for rulings and which has been argued in its behalf. We perceive no error of law by the trial judge. Therefore, the report is to be dismissed.