RILEY, J.
This action of contract seeks the recovery of a deposit made under an agreement for the sale and purchase of real estate, which failed of performance. On an agreed statement of facts the trial judge found for the plaintiff in the sum of $500, the amount deposited.
By the terms of the written agreement under seal, the Gloucester Street Trust by Paul B. Lundgren, was to sell and Harry H. Kahn was to buy “a certain estate situated at 30 Gloucester Street, Boston, and bounded and described as follows: Six family house at 30 Gloucester St., Boston, including the furnishings in the front basement apt., including six (6) refrigerators and six (6) ranges.”
The agreement provided: “Said premises are to be conveyed on or before Nov. 1, 1948, by a good and sufficient quit deed of the party of the first part, conveying a good and clear title to the same, free from all encumbrances except two mortgages now on record, & subject to present existing leases.” (naming each leasee and the amount payable each lease thereunder) “and for such deed and conveyance the party of the s'econd part is to pay the sum of $38,000 dollars of which 500.00.dollars have been paid this day, $37,500 dollars to be paid upon the delivery of said deed, and — Seller to discharge present mtgs.” The deed was “to be delivered and the consideration paid, if the purchaser so requires, at the Registry of Deeds in which the deed should by law be recorded, on Nov. 1, 1948, at 10 A. M. unless some other place and time should be mutually agreed upon.”
*[45] The agreement contained the further provision that “If the party of the first part shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereunto shall cease, but the acceptance of a deed and possession by the party of the second part shall be deemed to be a full performance and discharge hereof.”
The agreed statement of facts discloses that on both September 22, 1948 (the date of the agreement) and November 1, 1948 (the date provided in the agreement for passing title), there were outstanding and of record in the Suffolk County Registry of Deeds, the following encumbrances against the property here in issue.
1. An easement of passage and drainage in a passageway 16 feet wide, as shown on a plan recorded in Suffolk County Registry of Deeds, Book 1525, page 164, which easement was created by an agreement between Boylston National Bank (a prior owner of the property in question) and others, which agreement is dated March 4, 1878, and recorded with Suffolk Deeds in Book 1420, page 282.
2. An easement of drainage through a four foot strip in the rear of the property in question, which easement was granted by deed of Boylston National Bank to Thomas P. Beal, dated May 21, 1881, and recorded with Suffolk Deeds, Book 1521, page 162.
3. An easement of drainage and passage in the four foot strip referred to in No. 2 above, reserved to the Boylston National Bank and its successors and assigns in a deed by said Bank to James H. Beal, dated May 21, 1881, and recorded with Suffolk Deeds, Book 1521, page 163, said James H. Beal being the grantee, of the premises in question, named in said deed.
4. An easement created by a party wall agreement between Mary DeFord Bigelow, a former owner of the premises at the time of said agreement, and Laura G. Sears, the former owner of lot No. 5 adjoining the premises as shown on said plan, which agreement is dated May 15, 1889, and recorded with Suffolk Deeds, Book 1887, page 617.
5. A first mortgage on which there was due *[46] $16,300, given by Perry and other, prior owners of the property in question to Brookline Federal Savings and Loan Association.
6. A second mortgage on which there was due $5,300, given by Lundgren, trustee, to Zelma K. Levin, said Lundgren being owner of the premises at the time the mortgage was given.
It also appeared in the agreed statement of facts that “At the time fixed for conveyance, the defendant would have been ready, able, and willing to discharge the two mortgages referred to above in No. 5 and No. 6, by using the purchase money agreed to be paid by the plaintiff under the agreement — and arrangements had been made by the defendant for payment to the mortgagees.” Further, that “At the time fixed for passing papers, on November 1, 1948, the plaintiff refused to take title because one Skinner, named in the agreement as a lessee was not then a lessee, but the defendant was willing to accept a lease from the plaintiff on the same terms as said Skinner, and so informed the plaintiff. None of the above mentioned encumbrances (numbered 1 to 6) was assigned by the plaintiff as a reason for refusing to accept the deed of the defendant. The plaintiff had not examined the title prior to November 1, 1948.”
Title was not passed on November 1, 1948, as the agreement provided should be done, and on November 26, 1948, Harry H. Kahn brought this action of contract to recover the five hundred dollars which had been given as a deposit under the said agreement.
Under said agreement to convey “by a good and sufficient quit deed — free from all incumbrances, except two mortgages now on record, & subject to present (listed & described) existing leases,” the party of the first part was bound to convey a marketable title. Cashman v. Bean, 226 Mass. 198, 203.
A reading of the present record discloses that the party of the first part could not Convey a marketable title free from reasonable doubt. It discloses an easement of passage and drainage over the land creating a servitude which is onerous and constitutes an encumbrance, Weatherbee v. Bennett, 2 Allen 428, and it also describes a party wall agreement which may like *[47] wise be an encumbrance. Bennett v. Sheinwald, 252 Mass. 23, 28, 29.
Joseph J. Krohn, attorney for plaintiff.
Joseph A. Deguglielmo, Jeremiah J. Sullivan, attorneys for defendant.
Without pausing to discuss whether the absence of a lease to Colonel Skinner is an encumbrance or a breach of warranty by the present defendant Lund-gren, it is very plain, upon the record before us that the property was not free of encumbrances on November 1, 1948, the decisive date fixed by the agreement. Nor do we need to dwell on the precise manner in which the two mortgages might be discharged, because the easement of passage and drainage are enough in and of itself to constitute an encumbrance.
The only contention of the defendant, as disclosed by his submitted brief, is that the plaintiff in refusing to accept the deed gave as a reason the fact that Colonel Skinner did not have a lease and made no mention of the mortgages or of the easement of passage and drainage, which the plaintiff subsequently and now stands upon as a reason- for refusing to accept the deed. The argument is not impressive.
The record contains no evidence to warrant a waiver of the plaintiff’s rights under the agreement or of any estoppel to assert such rights. Rubenstein v. Hershorn, 259 Mass. 288 at 293. The express terms of the agreement unmistakenly provide for the termination of the agreement in the event of the existence of encumbrances, not within the excepting clause, which prevents the conveyance of a good title clear of all encumbrances. Old Colony Trust Co. v. Chauncey, 214 Mass. 271; Flier v. Rubin, 321 Mass. 464, 466. The right of Kahn to recover his deposit is an absolute right under the terms of the agreement. See Rubenstein v. Hershorn, 259 Mass. 288 at 292; Greenberg v. Lannigan, 263 Mass. 594. Kahn’s activities before November 1, 1946, endeavoring to sell the property which he expected to acquire; and the individual liability of a trustee under certain circumstances, not having been argued by the defendant are not herein discussed at length. Dolben v. Gleason, 292 Mass. 511 at 513.

Report dismissed.